## MASSEY v. ROGAN.

1. The defendant was arrested on a bail writ at the suit of W. and escaped from the custody of the Sheriff; afterwards W. sued out an ancillary attachment, which was levied on the same property that had been previously seized under an original attachment issued at the suit of the plaintiff against the defendant: *Held,* that the liability of the Sheriff to W. for the escape, did not disqualify him as a witness at the instance of the defendant, on the trial of the cause commenced by attachment, by the plaintiff; that the objection to the witness went only to his credit.

WRIT of error to the Circuit Court of St. Clair.

This was an action commenced by attachment at the suit of the defendant in error, to recover a sum of money, claimed to be due from the plaintiff for goods, wares and merchandize, previously sold and delivered to him. The defendant pleaded in abatement, the pendency of another suit by attachment, for the same cause of action. To this plea, the plaintiff replied, *nul tiel record,* and concluded with a verification; the defendant rejoined, the plaintiff sur-rejoined; whereupon an issue of fact was joined, and the cause submitted to the jury. On the trial, the defendant excepted to the ruling of the court. The bill of exceptions shows that the sheriff of St. Clair was introduced as a witness by the defendant, to prove some of his official acts in respect to this cause; whereupon the plaintiff's counsel asked him if he was interested in the event of the suit, to which he answered affirmatively. The defendant's counsel then interrogated the witness as to the nature of his intesest, to which he answered substantially as follows, viz: On the 30th June, 1842, F. B. Walker sued out a bail writ against the defendant, under which the witness immediately arrested him, and shortly afterwards he escaped from the custody of the witness. After such escape, on the 19th of July, 1842, Walker sued out an attachment as ancillary to his suit, which was levied on the same property, which had been seized on the plaintiffs attachment. Walker has recovered a judgment in his suit against the defendant. Some other attachments were levied on the same property prior to Walker's, and

if all of them are sustained, the property will not be sufficient to satisfy them and Walker's judgment. Witness supposed that he might be liable to Walker for defendant's escape, but he had no other interest than such a state of things would occasion. The court adjudged, that the witness was incompetent, by reason of his interest, and excluded his testimony.

The jury found the issue in favor of the plaintiff, and assessed his damages; whereupon a judgment was rendered accordingly.

S. F. Rice, T. A. Walker and S. Hinton, for the plaintiff in error, cited Johns. Rep. 256; 5 Stew't & P. Rep. 426; 2 Porter's Rep. 389; 9 id. 126; Greenl. Ev. 434; 18 Wend. Rep. 490; 4 id. 292.

Wm. P. Chilton, for the defendant, cited 1 Salk. Rep. 283; 6 Bing. Rep. 390; Greenl. Ev. 438; 2 Stew't Rep. 17; Minor's Rep. 256.

COLLIER, C. J.—To disqualify a witness upon the ground of interest, it must be shown that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be evidence, either for or against him, in some other action. It must be a present, certain and vested interest, and not uncertain, remote or contingent. [Greenleaf's Ev. 434.] In Van Nays v. Terhune, [3 Johns. Cases,] the supreme court of New-York held, that an examination of all the authorities, show the general rule to be, that if a witness will not gain or lose by the event of the cause, or if the verdict cannot be given in evidence for or against him in another suit, the objection goes to his credit only, and not to his competency. [See also, McGee v. Eastis, 5 Stew't & P. Rep. 426; Kennon v. McRea, 2 Porter's Rep. 389.] In Phillips v. Bridge, 11 Mass. Rep. 242,] which was an action against a sheriff for the default of his deputy, the question was, whether the execution had been delivered to the latter in due season; the plaintiff offered the attorney, who issued the execution, as a witness to prove the delivery. The defendant objected to the competency of the witness, on the ground that he would be liable to the plaintiff if the execution was not delivered in due season. But the court held, that his interest was too remote and contingent to disqualify him. It is needless to

multiply authorities upon this point, for they all concur in stating the general principle, and only differ in its application to particular cases.    [2 Phil. Ev. C. & H's notes, 94; 3 id. 1514.]

It is clear that a judgment in this case in favor of the plaintiff, could not be used as evidence against the witness on the trial of a suit against him by Walker, for the defendant's escape.    We cannot discover that it would have any influence upon the result of such a case, either to fix a liability, or to increase or diminish the *quantum* of damages.    True, if Walker's judgment should be satisfied from the proceeds of the property attached, he of course will not have been prejudiced by the escape of the defendant; and the failure of the plaintiff to recover in the case before us, will increase the probability that the judgment will be thus paid. This shows, that the witness had sufficient reason to desire, that the defendant should have been successful in defeating a recovery; yet, as the judgment, however it might be, would not be evidence in an action against him, his interest was not in the event of the suit, but in the question merely.    The objection then went to his *credit*, and not to his competency; and consequently, he was improperly excluded.

The judgment of the circuit court is reversed, and the cause remanded.