## CARTER AND OTT v. MUNDY.

1. A witness who stated, that he had made a contract with the claimant for the purchase of the premises in question, which he considered advantageous, and that the claimant was to put him in possession as soon as he could, is an incompetent witness, on the ground of interest for the claimant, in an action of forcible entry and detainer, to recover the possession, though the witness also swore, he would not lose or gain by the event of the suit.

Writ of Error to the Circuit Court of Butler.

THIS was a proceeding for a forcible entry and detainer, pursuant to the statute, instituted by the defendant in error against Carter alone ; a verdict and judgment having been recovered by the complainant, a *certiorari* was obtained by the defendant, who executed a bond with Ott as surety; conditioned for the successful prosecution of the cause in the circuit court. The errors assigned in that court being adjudged insufficient, the judgment of the justice of the peace was affirmed, and rendered against the defendant and security for costs. From a bill of exceptions sealed at the instance of the defendant Carter, it appears that on the trial before the justice, the complainant offered one Shipp as a wit-

ness, who stated that he had made a contract with the complainant for the purchase of the premises in dispute, provided he could obtain possession; that the contract was an advantageous one to him, yet he would not lose or gain any thing by the event of the suit: *Further*, that under the contract, the plaintiff was to put him in possession as soon as he could. Witness intended to cultivate or lease the land during the year 1846, (the same in which the suit was tried,) if he could get possession. The defendant objected to the competency of the witness to give evidence for the complainant on the ground of his interest, but the court overruled the objection, and adjudged that the witness was competent.

N. Cook, for the plaintiff in error, insisted—1. That to entitle a party to proceed for a forcible entry and detainer, he must have had the actual possession. [Minor's Rep. 131.] 2. That Shipp had such an interest in the event of the suit as disqualified him from giving testimony. [1 Phil. Ev. C. & H's ed. 63–332; 3 Id. 820-1.]

T. H. Watts, for the defendant in error, contended, that the witness had no direct and immediate interest in the event of the suit, but was only interested in the subject matter. [6 Ala. Rep. 647; 9 Id. 803.] Whether the complainant had the *actual possession* and was expelled from it, is a point not presented to this court for revision.

COLLIER, C. J.—There is nothing in the record to indicate, that it was not shown the complainant had the actual possession of the premises in question; the complainant explicitly alledges that such was the fact, and it cannot be intended that it was not proved at the trial.

It is well settled, that to disqualify a witness upon the ground of interest, it must be shown that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be evidence, either for or against him in some other suit. It must be a present, certain and vested interest, and not uncertain, remote or contingent. [Massey v. Rogan, 6 Ala. Rep. 647; Stewart v. Conner, 9 Id. 803.] It must be in the event of the cause itself,

Carter and Ott v. Mundy.

or in the record as an instrument of evidence in support of his own claims, in a subsequent action. So it must be a legal interest, as distinguished from the prejudice or bias resulting from friendship or hatred, or any domestic or social relation, or any other motive by which men are generally influenced; for these go only to the credibility. [1 Greenl. Ev. 432.]

Where the immediate effect of a judgment for the plaintiff, is to confirm the witness in the enjoyment of an interest in possession, or to place him in the immediate possession of a right, he is not a competent witness for the plaintiff. Neither can a lessor be admitted as a witness, to prove a right of possession in his lessee to a portion of the land, claimed as part of the premises leased. [1 Greenl. Ev. 438; Doe v. Williams, Cowp. Rep. 621; Smith v. Chambers, 4 Esp. Rep. 164; Rex v. Williams, 9 B. & C. Rep. 549.]

It is laid down by two distinguished elementary writers on the law of evidence, that if a plaintiff agree with a witness that in case he recover the lands, he will grant him a lease of them for so many years, this excludes his evidence; for the witness would have a fixed and certain advantage by the event of a verdict. [Gilbert's Ev. 108; 1 Phil. Ev. C. & H's ed. 63.] The learned annotators upon Phillips are of opinion that this dictum rests upon a sound principle, although it may seem to be questioned in Ten Eyck v. Bill, 5 Wend. R. 55, a case with which it did not conflict. We have examined this latter citation, and are satisfied that it is in harmony with the law as stated by the text writers, and that they are well supported by principle. [See Peyton v. Hallett, 1 Caine's Rep. 364; Hovill v. Stephenson, 3 Mo. & Payne's Rep. 146; Wood v. Braynard, 9 Pick. Rep. 322.]

In Marquand v. Webb and Webb, 16 Johns. Rep. 89, *Mr. Justice Spencer* says: " My opinion proceeds upon the principle, that whenever a fact is to be proved by a witness, and such fact be favorable to the party calling him, and the witness will derive a certain advantage from establishing the fact in the way proposed, he cannot be heard, whether the benefit be great or small. [See also Stewart v. Kip, 3 Johns. Rep. 89; Pickett v. Cloud, 1 Bailey's Rep. 362; Stebbins v. Sackett, 5 Conn. Rep. 258; Wood v. Braynard, 9 Pick.

Rep. 322; McCall v. Smith, 2 McC. Rep. 375; Jackson v. Hill, 8 Cow. Rep. 290.]

In the case at bar we think the witness had such an interest in the event of the suit as rendered him incompetent to testify for the plaintiffs. He had made a contract which he declared was an advantageous one, for the purchase of the premises in question, provided he could obtain the possession. This is quite sufficient to show that he was interested in the plaintiff's recovery, and his affirmation that he would not gain or lose by the result, was intended as a mere statement, that if the plaintiff was unsuccessful, the contract would be inoperative, and the witness would not be required to pay any thing upon it. The case comes within the influence of the citations we have made—it is this, a witness will obtain the benefit of an advantageous contract, if plaintiff succeeds in recovering property for which the suit is brought —he will derive no benefit from the contract if the plaintiff fails. The witness's interest is sufficiently shown by the statement of his relation to the parties. It therefore follows, that the judgment of the circuit court is reversed, and the cause thence remanded, that a *procedendo* may be awarded to the justice of the peace trying the cause, or his successor in office, and the appropriate proceedings be there had.