# WRIGHT, Adm'r, *vs.* LEWIS.

1. Where the surety on a note extinguishes it, by giving a new note with a third person as principal, and himself as surety, the principal in the original note is a competent witness for such third person, to show that the substituted note was given for the accommodation of the surety, and under the promise that he would pay it.

2. To render a witness incompetent on the ground of interest, it must be shown that he will either gain or lose by the effect of the judgment, or that the record will be evidence for or against him in another suit.

Error to the Circuit Court of Butler. Tried before the Hon. John J. Woodward.

This was an action of assumpsit by John B. Lewis, against the plaintiff in error, as administrator of John Lewis, deceased,

to recover for money paid, laid out and expended to and for the use of his intestate. The facts appear in the opinion.

WATTS, for the plaintiff:

1. The facts disclosed by the bill of exceptions show that the witness, Jacob Lewis, is interested in the event of this suit. If John B. Lewis fail to recover in this suit, he has his action against the witness to recover the amount he now sues for. If he succeeds, on the testimony of Jacob Lewis, the witness, and makes the money out of the plaintiff in error, he (plaintiff in error) cannot, on the statement contained in Jacob Lewis' testimony, recover the amount, or any part of it, out of Jacob Lewis, the witness. Witness on his statement has been discharged by plaintiff's intestate, and is no longer responsible to him. (We must look to what he says and regard it as true for the purpose of testing his interest.—See Sinclair & McCall, 14 Ala.) The effect of the witness' testimony will be to shift a responsibility resting on himself to plaintiff's intestate; and this he cannot do by his own testimony. If the plaintiff below succeeds and makes his money in this suit, he can have no recovery against the witness—if he fails, he may sue the witness. The witness then is testifying directly in his own favor.—See H. C. T. Sinclair, 14 Ala., and the authorities cited in the opinion of the court, and also those cited by the counsel for defendant in error. On principle, this case cannot be distinguished from Sinclair & McCall, *supra*.

2. As to whether the interest is sufficiently direct.—See Post & Main v. Lewis, 1 Ala. 65, and Sinclair & McCall, *supra*.

ELMORE & YANCEY, for the defendant:

The witness had no direct interest in the event of the suit, and the verdict could neither be used for or against him, in any future suit.—1 Greenl. on Ev. § 390; Lewis v. Post & Main, 1 Ala. 72; Stewart v. Connor, 9 Ala. 803.

Although the debts paid were the debts of Jacob Lewis, yet they were not paid at his request, neither has he since, in any way made himself liable therefor.—Weakly v. Brahan & Attwood, 2 Stew. 500; Westmoreland v. Davis, 1 Ala. 299. There is no difference in principle between this case and that of Gayle & Bishop, 14 Ala. 552. If interested at all, it is that

Wright, adm'r, v. Lewis.

the party who offered him should be defeated, and in that case he could recover back of defendant's intestate the indemnity given to him.

There is a marked difference in the facts, as well as the principle of this case, and that of Sinclair & McCall, 14 Ala., relied on by plaintiff in error. In that case, on the face of the note sued on, the witness offered by plaintiff was a joint maker, and was interested in two ways, to extinguish his own liability to plaintiff, by aiding a recovery against defendant—and to defendant by proving he was but security.

An interest in the question, is not such an interest as goes to the competency of the witness.

DARGAN, C. J.—The plaintiff offered Jacob Lewis, as a witness, to prove the following facts: The witness, as principal, was indebted to the branch bank at Montgomery, and John Lewis, the defendant's intestate, was one of his securities. The debt being pressed against John Lewis, he applied to the plaintiff to extend it by giving his, plaintiff's, note as principal with John Lewis as security. This was done upon the promise of John Lewis to pay the note, and save the plaintiff harmless. To this note Jacob Lewis, the witness, was not a party, nor was it made at his request, but at the request of the defendant's intestate alone, and for his accommodation. The plaintiff afterwards had this note to pay, and to recover the amount thus paid this suit is brought. The witness also stated that he had placed a negro in the possession of John Lewis, to indemnify him against his liability as security, the value of whose services was to be applied to the extinguishment of the debt. The defendant objected to the competency of the witness, on the ground of interest, but the objection was overruled.

We think the testimony was rightfully admitted. What was the witness to gain or lose by the event of this suit? As soon as the original note, to which he was principal, was taken up and extinguished, the witness was immediately liable to John Lewis, his security, for the amount thereof, and whether this plaintiff should recover or not cannot in any manner affect this liability of the witness to his security, but his liability would be the same whether this suit was successful or whether it was defeated. Nor could the record be evidence for or against him in a suit

brought by the representatives of John Lewis, to recover the amount of the original debt, which the witness, as principal, owed, and which was extinguished by John Davis, by giving a new note with the plaintiff as principal, and himself, John Lewis, as security. To render a witness incompetent, on the ground of interest, it must be shown that he would either gain or lose by the effect of the judgment, or that the record will be evidence for or against him in another suit.——Massy v. Ryan, 6 Ala. 647; Stewart v. Conner, 9 ib. 503. But in the case before us, the witness has no interest in the recovery, nor is his liability in any manner affected by it, for it must, we think, be admitted that the recovery of the plaintiff against the representatives of John Lewis cannot affect their right to recover of the witness the amount, that he became liable to pay their intestate upon the extinguishment of the original note.

Let the judgment be affirmed.