# MARTIN AND FLINN *vs.* THE STATE.

[INDICTMENT FOR ARSON.]

1. *Sufficiency of indictment.*—An indictment for the willful burning of a house insured against fire, with intent to charge or injure the insurer, (Code, § 3137,) is fatally defective, on motion in arrest of judgment, if it does not allege that the house was "at the time insured against fire."

ERROR to the City Court of Mobile.
Tried before the Hon. ALEX. MCKINSTRY.

THIS indictment was found at the April term, 1856, and contained but a single count, which charged that the defendants "willfully burned certain property, to-wit," (describing the bar, shelves, fixtures, &c., of a certain building in the

city of Mobile, called "The Constitution,") "which said bar, fixtures," &c., "were then and there the property of the said Martin, and then and there insured by the Mobile Navigation and Mutual Insurance Company, said company being then and there duly incorporated, with full power to insure against losses by fire, with intent to charge or injure the said insurance company." After conviction, the defendants moved in arrest of judgment, on the ground that the indictment was fatally defective, because (among other reasons) it did not allege that the property burned was "insured against fire." The court overruled the motion, and the defendants reserved the question for the decision of the supreme court.

A. R. MANNING, for the prisoners.

M. A. BALDWIN, Attorney-General, *contra.*

WALKER, J.—The statute, upon which the appellants were indicted, is in the following words: "Any person who willfully burns a building, or any property, which is at the time insured *against fire*, with intent to charge or injure the insurer, must be imprisoned in the penitentiary, not less than five, nor more than ten years."—Code, 569, § 3137. The indictment charges the defendants, in a single count, with willfully burning certain property, which was at the time *insured* by the Mobile Navigation and Mutual Insurance Company, said company being duly incorporated with full power to insure against losses by fire, "with intent to charge or injure the said insurance company." The indictment does not allege that the property burned was at the time insured against fire. The statute aims to punish the willful burning of any building, or other property, which is at the time insured *against fire*. It may be true, as charged in the indictment, that the property was insured, and yet it may also be true that it was not insured against fire. Every thing in the indictment may be true, and nevertheless the offense condemned by the statute may not have been committed, for the fact that the insurance was against fire is indispensable to constitute the offense. The indictment is therefore defective, and the motion in arrest of judgment ought to have been sustained.—22 Ala. 54; 27 Ala. 53; 12 Ala. 732; 13 Ala. 413; 2 Ala. 96; 15 Ala. 259; 9 P. 260; 7 P. 405.

The judgment of the court below is reversed, and the cause remanded; but the prisoners must remain in custody, until discharged by due course of law.