## COMMONWEALTH *vs.* ELVIRA MAKELY.

Hampden.   Sept. 27. — Oct. 25, 1881.   MORTON, LORD & DEVENS, JJ.,
absent.

An indictment on the Gen. Sts. *c.* 161, § 1, for burning the dwelling-house of another, is not sustained by proof that the defendant burned the house by the owner's procurement, to enable him to obtain money from an insurer.

ALLEN, J. This is an indictment under the Gen. Sts. *c.* 161, § 1, for arson by burning the dwelling-house of one Ackert. There was evidence tending to prove that the defendant burned the house; and that she did it by the procurement of Ackert, to enable him to obtain money from insurers.

The defendant asked the court to instruct the jury that, if the burning was with the consent and by the procurement of Ackert, and without any design to injure any person, the defendant could not be convicted under this indictment. The court declined to give this instruction; and instructed the jury that, if the defendant burned the house with a view to enable Ackert to defraud the insurers, she might be convicted.

We think that the instructions requested should have been given, and that the instructions given were wrong.

The crime consists in the wilful and malicious burning of the dwelling-house of another. It is a crime against the habitation of a person, and includes an injury to that person. The public wrong grows out of the private wrong. The wrongful act toward Ackert in respect of his habitation is of the essence of the crime charged in this indictment; and the malice charged, and which must be proved, cannot be predicated of an act not thus wrongful or injurious towards him. The defendant cannot be held to have acted injuriously or maliciously towards Ackert in carrying out his wishes in relation to his property, and aiding him in his attempt to convert his dwelling-house into money.

It would not have been arson in Ackert if he had himself burned his house, nor can he be guilty as accessory to arson before the fact for procuring the defendant to do it; it would seem to follow that he did not procure the commission of the crime of arson.

The evidence of a wrongful act, of malice, towards insurers, is not evidence of the malice charged in the indictment. On the contrary, it tends to disprove that, and to prove that the defendant and Ackert joined in an act that was wrongful and malicious towards a person not named in the indictment, and that constituted an offence calling for different allegations, and different proof, and subject to a different penalty, from that charged in this indictment. Gen. Sts. *c.* 161, § 7. *New trial ordered.*

*E. H. Lathrop & H. C. Strong*, for the defendant.

*C. H. Barrows*, Assistant Attorney General, for the Commonwealth.