# Caldwell *v.* Lawler.

70 293
93 226

*Bill in Equity by Wife, to enjoin Sale under Execution against Husband, and establish Resulting Trust in Lands.*

1.  *Injunction of sale under execution at law.*—A court of equity has undoubted jurisdiction to restrain a sale of lands under execution at law,

[Caldwell v. Lawler.]

at the instance of a party owning and having the rightful possession, when the sale, if consummated, would cast a cloud on the title of the complainant, or work irreparable injury to him; but this jurisdiction is exercised with great care, and the party complaining, if his title is purely legal, and no special equity exists, must show that fraud has been practiced upon him, or that irreparable injury to him will result from the sale.

2.   *Same.*—The court will not interfere at the instance of a party who has only an equitable title, which is not cognizable at law, when it appears that the sale, if consummated, will not cast a cloud on that title, nor otherwise injuriously affect his rights; as, where the wife claims a resulting trust in lands, on account of her moneys used in paying part of the purchase-money, the legal title being taken in the name of a third person, and seeks to enjoin a sale of them under execution against her husband.

APPEAL from the Chancery Court of Jackson.
Heard before the Hon. N. S. GRAHAM.

CABANISS & WARD, for appellant, cited *Rea v. Longstreet,* 54 Ala. 295; 57 Ala. 200.

BRANDON & JONES, *contra,* cited *Burt v. Cassety,* 12 Ala. 734; *Lyon v. Hunt,* 11 Ala. 295; *Anderson v. Hooks,* 9 Ala. 704; *Badger v. Lyon,* 17 Ala. 564.

BRICKELL, C. J.—The bill is filed by the appellee, a married woman, and alleges that, in connection with the respondent, Lilly, she purchased certain lands, with moneys of the *corpus* of her statutory separate estate. By inadvertence, or mistake, the conveyances of title were made to Lilly alone, though she paid one half of the purchase-money. Of the lands, Lilly, herself, and her husband, as her trustee, have possession. The appellant, Caldwell, having obtained judgment at law against her husband, an execution thereon issuing has been by the sheriff levied on said lands, as the property of the husband, and a sale thereof advertised. The prayer of the bill is, that the mistake in the conveyances be corrected, or that a resulting trust in one half of the lands be decreed and declared in favor of the appellee, and that the sale thereof by the sheriff be enjoined. The appellant, Caldwell, demurred to the bill, assigning as cause that, by the allegations of the bill, all claim, right, or color of title, in and to the lands, by the husband, was negatived; and that the sale thereof under the execution could not be of injury to the appellee, or cast any cloud on her title. The demurrer was overruled by the chancellor; and the single question now presented is, whether the demurrer was well taken.

It must be considered as settled, that a court of equity has jurisdiction, at the instance of a party owning and having the rightful possession of lands, to restrain a sale of the lands under

[Caldwell v. Lawler.]

judicial process, when such a sale will cast a cloud upon the title of the owner, or may be of irremediable injury to him. The jurisdiction has been of frequent exercise in this court. *Burt v. Cassety*, 12 Ala. 134; *Downing v. Mann*, 43 Ala. 266; *Martin v. Hewitt*, 44 Ala. 418. The jurisdiction is exercised with great care, and the party invoking it, if his title is purely legal, must show that fraud has been practiced upon him, or that irreparable injury will result from the threatened sale, or a court of equity will not intervene. All controversies involving the legal title to lands, belong properly to the jurisdiction of courts of law, and are more properly triable by a jury. Hence, it is only when it is necessary to prevent fraud, or irreparable injury, that a court of equity will intervene to prevent the sale of lands, under judicial process issuing from the courts of law. No special equity existing, the parties must be remitted to a court of law for the determination of questions of law.—High on Inj. § 267.

The title of the appellee to the lands in controversy is not legal. In either of the aspects in which the bill presents it—whether it is a fact, that it was by mere mistake or inadvertence the conveyances were made to Lilly solely, instead of being made to him and the appellee jointly, or whether the deeds were purposely made to Lilly alone—her title is purely equitable, incapable of assertion and enforcement elsewhere than in a court of equity. A court of law, not having cognizance of the title of the appellee, can afford her no redress against a sale of the lands which would be of injury to her, disturbing, or which could be employed to disturb her possession, or cast a cloud upon her title. Unless a court of equity interposed to prevent such a sale, she would be remediless.—High on Inj. § 268.

It is not every threatened sale of lands, under judicial process of courts of law, that courts of equity will intervene to arrest, at the instance of parties having only an equitable title. More than an equitable title to the lands, and a meditated sale of them as the property of another, must be shown. The sale, if consummated, must be capable of working actual, not imaginary injury, and the conveyance following it must cast a cloud on the title. If the sale is not of injury—if the conveyance, when executed, will not embarrass, or throw doubt upon the title—there is no reason for equitable intervention. *Rea v. Longstreet*, 54 Ala. 291. The prevention of a cloud upon the title, a cloud the court would remove, if the sale was consummated and a conveyance was executed, is the reason for equitable interference. When it clearly appears, that if the sale is consummated, and the conveyance executed, no injury can result from it, because the conveyance cannot be asserted

to disturb the possession, or to affect the title of the party complaining, having the possession and an equitable title, the court would be idly employed in intervening to prevent a sale, of itself vain and nugatory.—*Crooke v. Andrews*, 40 N. Y. 547; *Farnham v. Campbell*, 34 N. Y. 480; *Overing v. Foote*, 43 N. Y. 290; *Rea v. Longstreet, supra.*

If the sale under the execution should be consummated, and a conveyance executed to the purchaser, it is impossible that injury to the appellee could result from it, or that her title could be affected or embarrassed. It would be of no more force than a sale and conveyance by the husband, which would not pass a semblance of title, and which could not be employed to disturb her possession, or to the prejudice of her title. Indeed, it would be of less apparent force than such a sale and conveyance. The husband has not, in any event, and never had, any title or interest in the lands, which could be levied upon, and sold under execution at law. If he had the title of the appellee, *an equity in the lands*, it could not be subjected to execution at law by levy and sale. The statute defines and limits the interests in lands, subject to levy and sale under execution at law. It is only a perfect equity, the defendant having paid the purchase-money, an equity of redemption, a legal title, or a vested legal interest in possession, reversion, or remainder, whether it is an entire estate, or held in common with others, which may be reached. A sale of any other than the specific interests under execution at law, is a mere nullity.—*Elmore v. Harris*, 13 Ala. 360. The perfect equity, to which the statute refers, is precisely that it expresses—when the defendant has paid the purchase-money, and the naked legal title remains in the vendor. It is not a resulting trust, or any other equity, however clear it may be, or though a court of equity would as readily intervene, when proved, to establish it, and to divest the legal title, as it would to divest the legal title of the vendor who had received the purchase-money.—*Shaw v. Lindsay*, 60 Ala. 344; *You v. Flinn*, 34 Ala. 409.

The claim of title to the lands can be consulted and examined, without tracing title to the husband or to the appellee. Whoever deduced title from, or through the husband, would be compelled to rely alone on the fact of possession, as indicating title. That possession, however, according to the averments of the bill, was merely as the husband and trustee of the appellee, and, whenever proved, would be referred to her title. There is no possible event, according to the averments of the bill, in which the appellee can be actually injured by the threatened sale of the lands under the execution against her husband. The threat may have awakened her fears, and may render purchasers from her suspicious, if a sale of the lands was contem-

[Daniel v. Owens & Co.]

plated by herself and husband. The fears are unreasonable, as would be the suspicions, and it is simply impracticable to allay them by the interference of courts. If now allayed, as to this particular judgment creditor of the husband, any other judgment creditor could awaken them, and provoke like litigation. In any and all of the aspects of the case, a forced sale of the title of the husband (not the title of the appellee), he never having had title, or color or claim of title, legal or equitable, and never having been connected with the title, mediately or immediately, the appellee not claiming through him, nor do the persons from and through whom she claims, is threatened. No title derived from such a sale would be of any force against the appellee—it would never be of avail, *prima facie*, or otherwise, without leaving her title and possession entirely out of view. The threatened sale, according to the averments of the bill, is wrongful, vain, and capable of working injury to him who may be idle enough to become the purchaser under it. It is not of any real injury to the appellee.—*Rea v. Longstreet, supra.* A case for equitable interference is not, therefore, shown against the appellant, though in other respects the bill has equity.

The decree of the chancellor must, therefore, be reversed, and the cause remanded, that the demurrer of the appellant may be sustained, and as to him the bill dismissed.