# Heard *v.* State.

### Indictment for Arson in the Second Degree.

1. *Burning insured building at instance of owner.*—The willful burning of a building insured against fire, with intent to charge or injure the insurer, is a statutory offense punishable as prescribed by the statute (Code, § 4349); but, on an indictment under § 4347 (Code 1876), a conviction can not be had on proof that the defendant burned the house at the instance of the owner, with intent to enable him to obtain the insurance.

2 *The statutes and the common law.*—The statutes (Code of 1876, §§ 4346, 4347, 4348) were not designed to create new offenses, unknown

to the common law, and the essential common law ingredients of arson still exist, under the statutes, and malice towards a person other than the one in whom the property is laid in the indictment and not named therein, is inadmissible to sustain the charge.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. JOHN MOORE.

The material facts are stated in the opinion.

On the trial, the court, among other things, charged the jury : " That if they believed from the evidence beyond a reasonable doubt, that in this county " (Perry) " in August, 1886, the defendant wilfully set fire to and burned the gin-house, and that it was the property of A. M. Walker, and was of the value of five hundred dollars or more, then defendant was guilty as charged in the indictment, *even if they should believe he did it at the instance and request of Walker to enable Walker to get the amount for which it was insured.*" The defendant excepted to the giving of this charge.

J. W. BUSH, for appellant, cited § 4347 of the Code; 1 Bishop's Criminal Law, §§ 260, 514; 5 Stew. & Port. 175; *Shepherd v. People,* 19 N. Y. 537 ; 29 Ala. 30; *Rex v. Breeme,* 1 Leach, 261; *Rex v. Pedley,* 1 Leach, 277.

T. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The defendant was tried and convicted under an indictment found under section 4347 of the Code (1876), which contained two counts, each of which charges him with burning a gin-house, the property of A. W. Walker. On his examination as a witness, the defendant admitted the burning, but stated that he did it at the instance and by employment of the owner, Walker, who said the building was insured, and that the insurance company had treated him badly, and he wanted to get even. This was denied by Walker, but the denial does not affect the legal question involved, as by the charge of the court, an inquiry into the truth of the statement was rendered immaterial. The Circuit Court ruled, that the defendant is guilty as charged in the indictment, if he wilfully set fire to or burned the gin-house, and it was the property of Walker, though he did it at the instance and request of the owner to enable him to get the amount for which it was insured. The instruction raises the question, whether a person, who burns a building insured against fire, by request of the owner, to enable him to obtain the insurance money, is guilty of arson, as charged in the indictment.

The statutes, while adding structures other than those

[Heard v. The State.]

included at common law, and dividing arson into three degrees, distinguished by the character of the buildings or structures, and the attendant circumstances, were not designed to create new offenses. The essential common-law ingredients of the offense still exist. At common law, and under the statutes, arson is regarded as a public wrong, growing out of an injury to the possession, rather than the property.—*Adams v. State*, 62 Ala. 177. A man may burn a house owned and occupied by him, or he may procure another to burn it, and neither be guilty of arson, unless the fire is communicated to and burns an adjacent building, the property of some other person; though it would be a misdemeanor, if the structure were contiguous to others, whereby their safety was endangered.—East. Cr. L. 1027; 1 Whar. Cr. Law, § 830; *Sullivan v. State*, 5 Stew. & Por. 175. Arson consists in the malicious and voluntary burning of the house of another. Malice is a requisite constituent under the statutes, as at common law; and an act done by one's self to his own property, no injury resulting to another, can not be the predicate of legal malice. Neither can the defendant be said to have acted maliciously towards Walker, if he burned the gin-house by his request to enable him to convert it into money.

If it be said there was a malicious intent as to the insurance company, malice towards a person, other than the one in whom the property is laid in the indictment, and not named therein, is inadmissible to sustain the charge. If any person wilfully burns a building or other property, which is at the time insured against fire, with intent to charge or injure the insurer, it is declared a special offense, and the punishment prescribed by section 4349 of the Code. It is not restricted to burning a building, but extends to *any* property insured. To convict of this offense, the indictment must allege the statutory constituents—insurance against fire, and the intent to charge or injure the insurer.—*Martin v. State*, 29 Ala. 30. The section declares an offense, separate and distinct from arson, as defined in the three sections immediately preceding an offense including a burning, or procuring to be burned, by the owner, not from malice, but with intent to defraud another. The indictments require different allegations, and different proof is called for. The statute, 9 Geo. 1, c. 22, which enacted, that any person, who should set fire to any house, barn, or out-house, should, on conviction, be adjudged guilty of felony without benefit of clergy, did not contain a qualification that the building should be the property of another. This statute came for construction in *Spaulding's Case*, 1 Leach, 258,

who was indicted for maliciously and voluntarily setting fire to his own house. The buildings adjacent were endangered, and the defendant had his house and the goods in it insured. The statute was construed as not creating a new offense, and the indictment was held bad on the ground that arson at common law was the burning of the house of another. The same construction of the statute was reiterated in other cases.—2 East. Cro. Law, 1122. The case of the *Commonwealth v. Makeley*, 131 Mass. 421, is substantially similar to the present. The defendant was indicted under the general statutes for burning the dwelling-house of Ackert. There was evidence tending to prove that she did it by procurement of Ackert to enable him to obtain the insurance money. It was held, that the indictment was not sustained by proof, that the defendant burned the house by the owner's procurement, to enable him to obtain money from an insurer.

If the defendant's testimony be true, he is guilty of a violation of section 4349, but can not be found guilty as charged in the indictment. The truth of the statement should have been submitted to the jury, with proper instructions, as they may find it to be true or false.

Reversed and remanded.