# Smith *v.* Gilmer.

*Bill in Equity for Cancellation of Deed as Cloud on Title, and Equitable Relief against Sale of Land for Taxes.*

1. *Cancellation of deed as cloud on title.*—A court of equity will not entertain a bill for the cancellation of a deed as a cloud on the title to land, unless its allegations show an adverse title, or claim of title, which is capable of assertion in an action at law, and which requires extrinsic evidence to establish its invalidity. If the conveyance is void on its face, or is based on a judicial sale under a void judgment or decree, its invalidity is available as a defense at law, and furnishes no ground for a resort to equity.

2. *Same; sale of lands for taxes.*—Where the bill only alleges that, "after the execution of said deed to said Melinda W., there was an attempted sale of said lot for taxes as her property, and said Pauline S. claims some right or title to said land on account thereof, but complainant avers that she has no valid claim;" and that Melinda and Pauline "threaten to sue complainant for the recovery of said lot, basing their right of recovery on the said deed to said Melinda, and on said tax proceedings;" these allegations are not sufficient, of themselves, to show that the sale for taxes, or any deed executed to the purchaser, constitutes such a cloud on the title to the land as justifies the interposition of equity for its removal; and even if they were sufficient for that purpose, the bill could not be maintained against Pauline S., while seeking the cancellation of the deed to Melinda W.; without showing some privity or connection between them.

APPEAL from the City Court of Montgomery, in equity.

Heard before the Hon. THOS. M. ARRINGTON.

The bill in this case was filed on the 3d October, 1889, by Lewis Gilmer, against Burke Miller, Melinda Walker, and Pauline M. Smith; and sought (1) to compel said Miller to execute to complainant a deed for a small lot in Montgomery; (2) to cancel a deed for said lot which said Miller had executed to said Melinda Walker, as a cloud on complainant's title; and (3) to cancel, or remove as a cloud on his title, a sale of the land for taxes, under which Pauline Smith claimed to have acquired some title or interest. Pauline Smith submitted a motion to dismiss the bill for want of equity, and also demurred to it (1) for want of equity as against her, and (2) because she was improperly joined as a defendant. The City Court overruled both the demurrer and the motion, and its decree is here assigned as error.

JNO. GINDRAT WINTER, for appellant, cited *Borst v. Simpson*, VOL. 93.

90 Ala. 373; *Curry v. Peebles*, 83 Ala. 225; *Seals v. Robinson*, 75 Ala. 363; *March v. England*, 65 Ala. 275; *Rea v. Longstreet*, 54 Ala. 291; *Cahalan v. Moore*, 56 Ala. 303; *Randle v. Boyd*, 73 Ala. 282; *Fisher v. Hepburn*, 48 N. Y. 41; 3 Pom. Equity, § 1399.

WATTS & SON, *contra*, cited *Morgan v. Morgan*, 3 Stew. 383; *Gunn v. Harrison*, 7 Ala. 585; *Wilkinson v. Bradley*, 54 Ala. 677; *Boyd v. Hunter*, 44 Ala. 705; *Dallas Co. v. Timberlake*, 54 Ala. 403.

CLOPTON, J.—The appeal is taken from a decree overruling the motion of appellant to dismiss the bill as to her, for want of equity, and also the several grounds of demurrer interposed by her. The bill is filed by appellee against Burke Miller, Melinda Walker, and appellant. Its purposes are two-fold—to compel Miller to execute to complainant a conveyance of the land in controversy, and to remove a cloud from the title created by a deed made by Miller to Melinda Walker, and a right or title claimed by appellant under some tax proceeding. As the bill does not aver that appellant traced title from, or had any interest in, or connection with the several conveyances and the agreement set forth therein—any privity or community of interest between the appellant and the other defendants—it is unnecessary to state the allegations on which its equity as to the other defendants is rested. We need only refer to those averments which concern the equity of the bill as against appellant.

The allegations relating to appellant's claim are: "That after the execution of the said deed by the said Burke Miller to the said Melinda Walker, in violation of the agreement, a copy of which is hereto attached as Exhibit A, there was an attempted sale of the said lot for taxes as the property of Melinda Walker, and said Pauline Smith claims some right or title to said land on account thereof; but complainant avers that she has no valid claim. . . . The complainant further shows unto your Honor, that the said Melinda Walker and Pauline M. Smith threaten to sue the complainant for the recovery of said lot 53, basing their right of recovery upon the said deed executed to Melinda Walker by the said Burke Miller, and on said tax proceedings." A special prayer of the bill is, "that your Honor will remove any cloud on the title to said lot 53 created by said proceedings to sell said lot for taxes." From these averments and special prayer it is manifest, that the sole purpose of the bill, as respects appellant, is the removal of the alleged cloud on the title of complainant, cre-

8

ated by the attempted tax sale, and her claim of right or title thereunder. Its equity, therefore, must be determined on the sufficiency of its allegations to show that appellant's alleged claim is of such character as can cast a cloud on complainant's title.

As a court of equity will not interfere to remove, as a cloud on the title, a deed void on its face, or based on a judicial sale under a void judgment or decree; or where the land is sold as the property of a third person from whom the true owner does not, directly or indirectly, derive title—with whom he is not connected—because incapable of casting a cloud on the title, it is indispensable that the averments of the bill show an adverse title, or claim of title, capable of assertion in an action of law, and requiring extrinsic evidence to show its invalidity. Though a court of equity has jurisdiction to restrain a sale of lands under judicial process, when irreparable injury may result to the owner therefrom, it will not interfere if the sale is in itself nugatory; nor after a sale is made, unless consummated by the execution of a conveyance, which may disturb the owner's possession, or affect his title in action at law. *Caldwell v. Lawler*, 70 Ala. 293. The bill does not aver that a tax sale was in fact made, or the attendant facts, or that the appellant has any deed, or certificate of purchase, or other written evidence of title, cognizable at law. The averments are both general and vague—"there was an attempted sale of the said lot for taxes," and that appellant claims some right or title to the land on account of such attempted sale, but that she has no valid claim. The bill not only fails to show that appellant has a title or claim of title apparently good, but also avers that her claim of right or title is unfounded, without any allegations showing the necessity of proof of extrinsic facts. Had a decree *pro confesso* been rendered against appellant, what sale would the court have decreed be vacated and set aside, or what claim of title cancelled? A decree, following the descriptive statements of the bill in these respects, would be void for uncertainty. The allegations of the facts essential to complainant's right to relief are wanting in the precision and directness required by the rules of equity pleading; they are uncertain and inconclusive. Also, a general allegation of invalidity, without showing wherein it consists, or the necessity of extrinsic facts to establish it, will be regarded and construed as an allegation of a sale itself void, or a title invalid on its face. The bill does not show a sale or claim of title of such nature and character as would be available in an action at law, unless defeated by extrinsic evidence.

So far as concerns appellant's claim of title, the bill dis-

[Gunter v. Beard.]

closes no more than a baseless apprehension that it may be used to disturb complainant's possession, or affect his title. In such case, a court of equity will not interfere to prevent the anticipated disturbance of possession, or to quiet the title. "A mere fear of suit, or that another merely questions one's title, or even asserts a hostile title, will not justify the court in intervening and compelling litigation which might not otherwise ensue."—*Rea v. Longstreet*, 54 Ala. 291.

Complainant contends that, if the bill makes a clear case of equity against the other and main defendants, he is not required to make out a complete equitable case against appellant. As a general rule, only persons who have an interest, legal or equitable, in the subject-matter of controversy, can properly be made parties; also, the bill must show such interest, and that complainant is entitled to relief against the person made a party defendant Except in cases of incumbrances, which is allowed by the rule of practice, it is not sufficient for the bill to state generally that a person claims an interest, and require him to propound his claim. A bill to quiet title to land is no exception to the general rule. But, if conceded that the complainant shows a clear equity to have his title quieted, he may make defendants all persons having or claiming adverse title, from which injury may be reasonably apprehended; in order that the bill may contain equity as to a particular defendant, it must show that such defendant has, or claims, a title *prima facie* good, but really defective by reason of extrinsic facts, where no privity or community of interests, or connection in any way between such defendant and the main defendants, is averred.

The bill is without equity as against appellant. It is unnecessary to consider the several grounds of demurrer.

Reversed and remanded.