Robinson, J.
The controlling question in this case is whether evidence which tends to prove a violation of Section 12434, General Code, which makes unlawful the malicious burning of a dwelling house or other building by the owner, with intent to prejudice the insurer, will support a verdict of guilty under an indictment charging a violation of Section 12433, General Code, which makes unlawful the malicious burning of a dwelling house or other building, the property of another person.
The question is raised both by the charge given to the jury and by the refusal to charge as requested; and probably by the motion to direct a verdict. However, we have not examined the evidence with sufficient care to determine the latter proposition.
It will be observed that Section 12434, General Code, makes it a crime for a person to burn his own property for the purpose of prejudicing the insurer, and it may also be observed that it is not .a crime in Ohio for a person to burn his own dwelling house not insured, where it is not located in such close proximity to the buildings of another as to amount to the burning of such buildings.
McClure, the legal owner of the property described in the indictment, but for the insurance upon the property, - could have himself set fire to and burned each and all of the buildings upon the premises without having violated either the pro *4 visions of Section 12434 or Section 12433, General Code, for under Section 12434, General Code, the gravamen of the crime is the burning with intent to prejudice the insurer, and under Section 12433, General Code, the gravamen of the crime is the malicious burning of the building of another person; and clearly McClure, the owner, by the burning of his own building, could not have been by that act alone guilty of burning the building of another; and, but for Section 12434, General Code, it would have been no crime in Ohio for McClure to have done the exact thing which Haas is charged with doing in this case. But neither Cowan, McClure nor Haas is charged with a violation of that section, and Haas alone is charged with the violation of Section 12433, General Code.
That brings us to the question whether the act of an agent of an owner, done by the procurement and for the benefit of the owner, which is legitimate and lawful as to the owner, is unlawful and criminal as to the agent.
The legislature of Ohio has seen fit to enact Section 12380, General Code, “Whoever aids, abets, or procures another to commit an offense may be prosecuted and punished as if he were the principal offender.” This is but declaratory of'the-long-recognized principle that generally what one may do in person he may do through the agency of someone else, and in so far as its application to the criminal law of Ohio is concerned, and in so far as it is a departure from the common law, it simply obviates the necessity of specifically charging such -person as an aider and abettor, and enables the *5 prosecution of a principal or an aider, or both, under the same or a like indictment.
It is but the application of ordinary logic to say that if the aider and abettor is guilty of the same crime as the principal, and may be prosecuted as a principal, that the principal is guilty of the same crime as the aider and abettor; that in law the action of the one is treated as the action of both and that the actions of both are no different than though the separate acts of each were performed by one person. So that the burning in this case, though accomplished by the separate acts of three or four persons, remains the same kind of an offense as though it had all been accomplished by one person. In other words, if Cowan furnished the money with which to purchase the property and with which to buy the insurance, and McClure became the holder of title of record, and Haas hired Grogan, and Grogan burned the buildings, there was but one common purpose accomplished and but one crime committed, and that crime was no different by the participation of the four therein than it would have been had McClure furnished the money with which to purchase the land, taken out the insurance, and set fire to and burned the buildings himself. In such event, McClure would have been guilty of violation of Section 12434, General Code, and not of Section 12433, General Code, because he would have burned his own buildings for the purpose of prejudicing the insurer, and not the buildings of another. If then McClure could not have been guilty of the violation of Section 12433, General Code, had he carried out this enterprise unassisted and unaided, *6 and if the act of each conspirator is the act of all, and the acts of all are chargeable to each, it necessarily follows that the act of Haas in employing Grogan was the act of McClure, and the act of Grogan in burning the buildings was the act of Haas and McClure, and that, therefore, the burning by Grogan was no more the burning by Haas than it was the burning by McClure. Each act was referable to the common purpose, and the burning in this case was not the burning of the building of another, but was the burning by McClure of his own building through the agency of Haas and through the agency of Grogan. Upon this phase of the evidence the jury were not instructed. The trial court read Section 12433, General Code, to the jury, in the following words: “Whoever maliciously burns or attempts to burn a dwelling house * * * barn; if the value’of such buildings is fifty dollars or more, shall be imprisoned in the penitentiary not more than twenty years, or if the value is less than that sum by fine of not more than two hundred dollars and imprisoned not more than thirty days or both,” thus leaving out of the reading of the section an essential element of the offense of arson, to-wit, the ownership of the property in another, and nowhere in his charge other than in his summary of the aver-ments of the indictment does he refer to the ownership of the property, and nowhere does he instruct the jury upon the necessity before conviction of finding that the buildings burned were the property of another person than the person charged.
Before argument, counsel requested the court to charge the jury in substance that if they should find *7 from the evidence that McClure was the owner of the property burned and that McClure and Haas entered into an agreement to burn the property of McClure, for the purpose of obtaining the insurance, that they could not find Haas guilty of burning the property of another, as he stood charged in the indictment; which the court declined to give, and while the court was not bound to give any charge before argument, yet a request to charge before argument is just as effective for the purpose of calling the attention of the court to the proposition of law requested to be charged, as though the request were to give as a part of the general charge. The request was renewed in the instant case after the charge was given, and the court again declined to give it. The charge requested was an essential element of the crime laid in the indictment, and without any request it was the duty of the court to correctly instruct the jury with regard to it.
The trial court, as well as the court of appeals, seems to have been unduly impressed by certain language used by Sutliff, J., in the case of Allen v. State, 10 Ohio St., 288, at page 302, wherein that judge used the language, “The charge and conviction in this case were not that the tenant burnt the building; but that he procured another to burn it. Suppose the principal, Herron, to have been put upon his trial and convicted for burning the building, it certainly could not be pretended that the offense as against him was not well charged, and within the statute, under the English construction. As to him, the building was aedes alienaIf that proposition of law had been embodied in the syllabus *8 of that case, and thereby the declaration of Sutliff, J., had become the declaration of the supreme court of Ohio, it would become the duty of this court to either follow and approve the principle or overrule the same, but the court at that time did not see fit to endorse the principle there laid down, but contented itself, in so far as it is applicable to the present statute, with the declaration:
“1. The procuring another to burn a warehouse, the property of a third person, by a person in possession of the warehouse under a lease, is an indictable offense within the provisions of sections 12 and 36, of the crimes act of March 7, 1835, Curwen Stat. 181”
In other words, the only principle applicable to the crime of arson- which the court there decided was that a tenant in possession may be indicted under present Section 12433, General Code, for the burning of the building of the owner in fee. The proposition then does not rise to the dignity of obiter by the court, but as an authority is entitled to such credit only as is the opinion of a single member of the court upon a subject not before him for consideration.
In a situation in all essentials, facts-and statute, like to the one at bar, the supreme court of Massachusetts, in the case of Commonwealth v. Makely, 131 Mass., 421, held:
“An indictment on the Gen. Sts. c. 161, § 1, for burning the dwelling-house of another, is not sustained by proof that the defendant burned the house by the owner’s procurement, to enable him to obtain money from an insurer.”
*9 The supreme court of Maine, In the case of State v. Haynes, 66 Me., 307, held:
“The owner of a dwelling house who burns it in the night time, is not therefor liable to an indictment for arson, either by the common law, or by R. S., c. 119, § 1.
“Nor, when the house is insured, is the servant of such owner, who sets fire to it at the instance of, and for the benefit of such owner, for the purpose of defrauding an insurance company,'liable to an indictment under R. S., c. 119, § 1.”
The supreme court of Tennessee, with a statute similar to our Section 12433, in the case of Roberts v. State, 7 Cold. (47 Tenn.), 359, held:
“Neither at common law, nor under section 4666 of the Code, is it arson for a man to burn his own house, or to procure it to be done, even for the purpose of injuring an insurer by the burning thereof; and an agent who commits an act, can, upon general principles, be guilty of no higher or greater offense than the principal would have been had he committed the act himself.”
The supreme court of Alabama, with a statute similar to ours, in the case of Heard v. State, 81 Ala., 55, held:
“The willful burning of a building insured against fire, with intent to charge or injure the insurer, is a statutory offense punishable as prescribed by the statute (Code, § 4349); but, on an indictment under § 4347 (Code 1876), a conviction can not be had on proof that the defendant burned the house at the instance of the owner, with intent to enable him to obtain the insurance.”
*10 The court of appeals of New York in the case of Dedieu v. People, 22 N. Y., 178, held:
“Under an indictment charging only arson in the first degree, the prisoner cannot be convicted of the third degree of arson, in willfully burning, goods with intent to prejudice an insurer of them.”
The supreme court of South Carolina, in the case of State v. Sarvis, 45 S. C., 668, 32 L. R. A., 647, held:
“A person cannot be convicted of arson for burning his own dwelling-house either at common law or under Criminal Statutes, 1893, sec. 140, even when burning is done for purpose of defrauding an insurance company.”
The supreme court of Missouri, under a statute similar to ours, in the case of State v. Greer, 243 Mo., 599, held:
“Under the statute if the building is not insured and the owner burns it, or if a defendant, who has no interest either in the building or its contents, assists the owner to burn it, no crime is committed, for the burning of uninsured property becomes a crime only when done by some one other than the owner. Such burning becomes a crime only because of the intent to defraud the insurer.”
We make no comment upon the nature or sufficiency of the proof in this case, but content ourselves with the declaration that the burning of the building of the owner by the consent or through the procurement of the owner is a burning by the .owner himself; that the crime of the agent of the owner in such case is the same crime as the crime of the owner, and is not different in kind or degree; *11 that proof to the effect that the burning was with the consent or procurement of the owner, for the-purpose of prejudicing the insurer, does not support a charge of maliciously burning the property of another ; that in every charge of arson under Section 12433, General Code, it is the duty of the court to instruct the jury that before they can convict they must find the property burned to be that of another than the person charged, ‘and that where the evidence tends to show that the burning was done with the consent, or by the procurement of the owner, it is the duty of the court, with or without request, to charge that if they find it was done with the consent or procurement of the owner it is their duty to acquit; and that the crime of arson, under Section 12433, and-the crime of burning with intent to prejudice an insurer, under Section 12434, are separate and distinct crimes and not different degrees of the same crime.
Judgment reversed, and cause remanded.
Johnson, Jones and Matthias, JJ., concur