# Osborne v. Cooper.

*Bill in Equity for Cancellation of Mortgage.*

113  405
115  533

113  405
119  323
119  324

113  405
0140  580

113  405
141  679

1. *Husband and wife; deed from wife to husband valid.*—By virtue of section 2349 of the Code of 1886, allowing the husband and wife to contract with each other, a wife can make a valid alienation of real estate belonging to her separate estate directly to her husband, in the absence of any abuse of the confidential relations existing between them; and the provisions of section 2348, requiring as a condition to the validity of a deed by a wife to her separate estate that her husband should join therein, applies only to conveyances by the wife to a third person other than her husband.

2. *Same; wife estopped to impeach consideration of her deed to husband; bona fide purchaser.*—Where a wife executes a deed to her husband of her separate property, which recites a full and valuable con-

sideration, without disclosing the fact that the parties thereto were husband and wife, and she afterwards joins in the mortgage upon said property to a third person who had no knowledge of the facts, she is estopped from alleging the invalidity of her deed to her husband, or from showing that there was no consideration in fact paid her by her husband for the deed; no abuse of confidential relations between them being shown to render the deed invalid under the statute, Code of 1886, § 2349.

3. *Same; mortgage executed by wife for husband upon her land invalid.* Under the provisions of the statute (Code of 1886, § 2349), that "the wife shall not, directly or indirectly, become surety for the husband," a mortgage executed by a husband and wife on lands in which the wife owned a separate interest, to secure a loan made to the husband, is void as to the wife's interest.

4. *Foreclosure of mortgage by cross-bill; cross-complainants entitled to attorney's fees.*—Where, upon a bill filed to cancel a mortgage, the defendants, upon answering the bill, ask that it be taken as a cross-bill, and that the mortgage be foreclosed, and a decree is rendered ordering the foreclosure as prayed for in the cross-bill, the complainant in such cross-bill is entitled to a reasonable attorney's fee for the foreclosure, the amount thereof to be determined under the facts; the mortgage providing for the payment of a reasonable attorney's fee.

APPEAL from the Chancery Court of Lamar.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellee, Mary A. Cooper, on the 13th day of July, 1893, against the appellant, Francis A. Osborne, Charles H. Howard and Amos P. Cooper, husband of the complainant. The purpose of the bill was to have delivered up, cancelled and held for naught, in so far as the land held by the complainant was concerned, two certain mortgages, bearing date January 1, 1890, which were executed by Amos P. Cooper, and in which the complainant joined, to the defendants F. A. Osborne and Charles H. Howard; and to have declared null and void a deed executed by the complainant to her husband on February 4, 1889, conveying 120 acres of her land to the said Amos P. Cooper; and also to have the record of the sale of the lands conveyed in the mortgage under the power contained therein annulled and cancelled.

In the second paragraph of the bill the lands involved in the controversy were specifically described; and the complainant alleged in said bill that she had executed a deed to the 120 acres described, which was her separate estate, to her husband on February 4, 1889, on the re-

[Osborne v. Cooper.]

cited consideration of $3,000, but that no consideration was in fact paid; that this conveyance was made at the instance and request of her husband, in order that he might obtain a loan from the defendants, Osborne and Howard, by giving a mortgage on said 120 acres, together with other land to secure the payment of said loan; that subsequent to the execution of this deed, to-wit, January 1, 1890, she joined with her husband, at his instance and request, in the execution of certain mortgages to the defendants, Osborne and Howard, respectively, to secure the payment of money which was loaned to her husband, Amos P. Cooper; that the negotiation of this loan was made by J. S. McEachin, Esq., and that there was conveyed in the mortgage the 120 acres of land which the complainant had previously conveyed to her husband by a warranty deed, and also other lands in which the complainant had a one-fifth interest, as her separate property, and her husband owned the remaining four-fifths; that upon the said Amos P. Cooper making default in the payment of some of the interest notes on said loan, the mortgagees sold the lands under the power contained in the mortgage, and said Howard became the purchaser thereof.

The defendants, Osborne and Howard, filed their joint answers to the bill, in which they averred that they had nothing to do with obtaining the warranty deed from the complainant to her husband conveying the 120 acres of land, and that it was not shown in said deed that the grantor therein was the wife of the grantee; that in taking the mortgages from Amos P. Cooper, in which his wife, the complainant, joined, they were *bona fide* purchasers of the lands conveyed therein, and knew nothing concerning her interest in the land conveyed in said mortgage.

The defendants prayed that their answer be taken as a cross-bill and that said mortgages be foreclosed under a decree of the court; the said Mary A. and Amos P. Cooper being made parties defendant to said cross-bill. It was also averred in the answer and cross-bill of the defendants that in the mortgage given by Amos P. Cooper, there was a provision for the payment of a reasonable attorney's fee in the event of the foreclosure of said mortgage; and it was prayed that this fee be allowed.

[Osborne v. Cooper.]

The other facts of the case are sufficiently stated in the opinion.

Upon the final submission of the cause, on the pleadings and proof, the chancellor rendered a decree, the substance of which is sufficiently stated in the opinion. From this decree the respondents appeal, and assign the rendition thereof as error.

WALKER, PORTER & WALKER, for appellants.—A married women has the power to make a deed to her husband under the law of 1887; and that the same rules as to innocent purchasers apply when a married woman makes a warranty deed as when any other person *sui juris* makes one.—*Maxwell v. Grace*, 85 Ala. 577; *Manning v. Pippin*, 86 Ala. 357; *Burch v. Carter*, 44 Ala. 115; *Coleman v. Smith*, 55 Ala. 368; *Whelan v. McCreary*, 64 Ala. 319; *Craft v. Russell*, 67 Ala. 9; *Mobile Life Ins. Co. v. Randall*, 71 Ala. 220.

NESMITH & NESMITH, McGUIRE & COLLIER and WILLIAM C. FITTS, *contra*.—1. The deed from Mrs. Cooper to her husband was shown to have been without consideration, and should be cancelled.—*Vincent v. Walker*, 93 Ala. 165; *New Eng. Mortg. Sec. Co. v. Powell*, 94 Ala. 423; *Harden v. Darwin*, 77 Ala. 473.

2. The said deed of complainant to her husband is inoperative and conveyed no title to him. The evidence shows that complainant was a married woman at the time she executed said deed and was living with her husband; and under this state of facts she could not alienate and convey her real estate, or any interest therein, without the assent of her husband, the assent and concurrence of her husband to be manifested by his joining in the alienation in manner prescribed by law for the execution and conveyance of lands.—Code of 1886, § 2348; *Trawick v. Davis*, 85 Ala. 343; *Rooney v. Michael*, 84 Ala. 585.

3. The complainant is not estopped, she being a married woman, from coming into this court and showing that said deed and mortgage upon said lands are without consideration to herself.—*Vincent v. Walker*, 93 Ala. 165. The deed was not executed as prescribed by law to Amos P. Cooper, and the mortgages executed to Osborne and Howard by complainant and her husband,

[Osborne v. Cooper.]

Amos P. Cooper, were for a loan on said instruments and their cancellation is now asked.—*Harden v. Darwin*, 77 Ala. 473. A married woman can not be estopped unless she has reaped the benefits of the contract.—*Schening v. Cofer*, 97 Ala. 725.

HARALSON, J.—Section 2707 of the Code of 1876, provided that "The property of the wife, or any part thereof, may be sold by the husband and wife, and conveyed by them jointly, by instrument of writing, attested by two witnesses." The uniform construction of that statute was, that a deed to the real estate of the wife held by her under the statute, was inoperative and void as to her, if not executed in conformity to the requirements of the statute.—*Blythe v. Dargin*, 68 Ala. 370; *Trawick v. Davis*, 85 Ala. 343; *Davidson v. Cox*, 112 Ala. 510.

The same provision as to the conveyance of the wife's real estate was preserved in substance, in the later statute on the subject, (Code of 1886, section 2348), where it is said that the wife "cannot alienate her lands, or any interest therein without the assent and concurrence of the husband, the assent and concurrence of the husband to be manifested by his joining in the alienation in the mode prescribed by law for the execution of conveyances of land."

Under the former law, in a case,—*Trawick v. Davis, supra,*—where the wife had conveyed land by deed direct to the husband, and the deed was assailed by a daughter of the wife after her decease, as being inoperative to convey her title, this court, in construction of the statute, held, that a conveyance of property by a married woman to her husband, in form of a deed, cannot operate as a conveyance, since the wife's property could only be conveyed by the joint deed of husband and wife, and the husband could not be both grantor and grantee in the same deed, citing *Falk v. Hecht*, 75 Ala. 293; *Hammond v. Thompson*, 56 Ala. 589.

Upon high authority it is held, that where the deed of a married woman of her statutory separate estate, fails from the non-concurrence of her husband, it is ineffectual for all purposes, and cannot be relied on as an estoppel or ground of recovery in any subsequent controversy.—2 Herman on Estoppel, § 58. In *Merriam v.*

[Osborne v. Cooper.]

*Boston, &c. R. R. Co.*, 117 Mass. 241, 244, it was said, that "A court of equity has no more jurisdiction than a court of law to recognize and give effect to instruments which, by statute, are inoperative." To the same effect are *Townsley v. Chapin*, 12 Allen, 476; *Lowell v. Daniels*, 2 Gray, 161; *Glidden v. Strupler*, 52 Penn. St. 400; *Oglesby Coal Co. v. Pasco*, 79 Ill. 164. The same doctrine is maintained by our own decisions.—*Harden v. Darwin & Pulley*, 77 Ala. 473; *Armstrong v. Connor*, 86 Ala. 350; *Lansden v. Bone*, 90 Ala. 446; *Vincent v. Walker*, 93 Ala. 168; *Jones v Reese*, 65 Ala. 140.

On the 4th of February, 1889, the appellee, Mary A. Cooper, executed and delivered to her husband, A. P. Cooper, on the recited consideration of $3,000, a deed of conveyance with covenants of warranty to the 120 acres of land first described in section two of the bill. If this case rested, therefore, on the provisions of said section 2348 of the Code, the deed having been made by the wife, directly to the husband, would be void, and she would not be estopped to allege its invalidity in equity. But, the present married woman's law contains a provision which the former law did not contain, viz. : "The husband and wife may contract with each other, but all contracts into which they enter are subject to the rules of law as to contracts by and between persons standing in confidential relations, but the wife shall not directly or indirectly become surety for the husband." Code of 1886, § 2349.

A sale of land by the wife to the husband is certainly a contract between them, and such a contract, when not within the prohibitory provisions of said section of the Code, is one clearly within its authorization, and under it, the wife may now,—as she could not do under the former married woman's law,—sell and convey her statutory real estate on an adequate, fair consideration, directly to her husband; and, construing this and the preceding section together, as is proper, we must hold, that the inhibition of said section 2348, against the sale of the real estate, (or against mortgaging it, as the recent amendment of that section also embraces), applies to sales or mortgages by the wife to a third person, other than her husband.

There is an absence of evidence to show, that there was any abuse of confidential relations between husband

[Osborne v. Cooper.]

and wife, on the part of the husband, to procure the execution of this deed. He was negotiating through J. S. McEachin, to borrow $800, and he was advised by said McEachin, that to procure the loan, this deed ought to be made, and the wife, to enable him to effect the loan, and give proper security, executed the deed at the request of her husband. Nearly a year afterwards, on 1st January, 1890, she joined her husband in a mortgage of these and other lands to appellants, to secure a loan at the latter date, negotiated by said McEachin for the husband, to be made to him by appellants. No fraud or undue influence appear to have been exercised over her by any one to procure the execution of said deed.

As between her and her husband, it has been held, that she would not be estopped by the recitals of the consideration in the deed, from showing that there was in fact no consideration, and on that account, in a proceeding in equity against him for the purpose, she might have the same set aside and held for naught, as a cloud on her title, and this, whether she was in or out of possession.—*Vincent v. Walker*, 93 Ala. 168, and *Armstrong v. Connor*, 86 Ala. 350, *supra*.

But, the question is presented, whether, after having conveyed the land to her husband, by deed directly to him, upon a valuable consideration expressed therein, she may avoid the same, when it was conveyed, afterwards, by her husband to an innocent *bona fide* purchaser for value, such as appellants claim to have been. The deed of Mrs. Cooper to her husband to the lands therein mentioned, did not disclose the fact that she was the wife of the grantee. It was executed as we have stated, on the 4th of February, 1889 ; and afterwards, on the 1st of January, 1890, for a loan of $800 to her husband, by the appellants, he made a mertgage, joined in by his wife, of these and other lands of his and hers, to secure the payment of the loan. The appellants did not know, as the evidence tends most strongly to show, that the deed by Mrs. Cooper to her husband was without consideration. Cooper, the husband, swore he did not give notice to appellants of that fact, and the appellants in their answers set up that they were without any notice, knowledge or suspicion of a want of consideration in said deed, when they loaned the money to the husband, but believed the same to be a valid and *bona fide*

conveyance, on the consideration therein expressed. They were non-residents, and had, so far as appears, no acquaintance with A. P. Cooper or his wife, and acted in the matter on information derived through McEachin, the agent of said Cooper in procuring the loan. Every element of *bona fide* purchasers of the land embraced in said deed appears, and as to them, we must hold it to be good.

The proofs do show that the loan was to the husband, and his wife executed the mortgages to secure the payment of the same. The wife was incompetent under the statute, to give the mortgages on her separate real estate to secure her husband's debt, and they must be held to be invalid.

It follows, from what has been said, that the mortgages of 120 acres of land described in the deed of date the 4th February, 1889, from Mrs. Cooper to her husband, and of the four-fifths interest of the husband in other lands as therein described, are valid and binding as a security for the debts therein mentioned; but are not binding and enforceable against the other lands therein described as belonging to Mrs. Mary A. Cooper. The chancellor declared said deed invalid and ordered it cancelled. In this he erred.

He decreed the mortgages on the other lands described in them, belonging to appellee, Mrs. Mary A. Cooper, to be without consideration, null and void and not foreclosable, and in this there was no error; and that the said mortgages were valid, in so far as they conveyed the lands not belonging to her separate estate, and in which she had no interest, viz., the four-fifths interest of her husband in the lands mortgaged by him and her, and in this, there was no error.

An attorney's fee, on the facts presented, is due the complainants in the cross-bill, for a foreclosure of the mortgages, but what is a reasonable fee in that behalf is not shown in the evidence set out.

The complainants in the cross-bill are entitled, as they pray, to a foreclosure of their said mortgages on the 120 acres of land described in said deed from Mrs. M. A. Cooper to them, and on the interest of said Amos P. Cooper in the other lands, as said interest is therein described. The decree will be reversed and the cause remanded, that the debt and interest and a reasonable at-

torney's fee to appellants against the defendant, Amos P. Cooper, may be ascertained, and for a foreclosure of the mortgages according to their terms for the amounts thus ascertained to be owing by the defendant in the cross-bill, Amos P. Cooper.

The costs of the appeal will be taxed one-half to parties to the appeal, respectively.

Reversed and remanded.