# Scott *v.* Taul.

*Action on a Promissory Note.*

1. *Negotiable note executed by husband and wife; liability thereon as to bona fide purchaser; estoppel.*—Where the wife signs a negotiable note as co-maker with her husband, and such note is sold before maturity for value to a purchaser having no notice of defenses existing between the original parties, the wife can not escape liability by showing that she was a mere surety on such note within the meaning

of the statute, (Code of 1886, § 2349,) providing that the wife shall not become surety for her husband.

2. *Same; same; general affirmative charge.*—Where, in an action brought upon such note, the wife sets up that she was a surety, and the evidence establishes, without conflict, that the plaintiff was a *bona fide* purchaser for value of the note before its maturity, the general affirmative charge should be given for the plaintiff as to such defense.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellant, J. C. Scott, against C. M. Taul and G. L. Taul, who was his wife, and counted upon a promissory note, which the complaint alleged was transferred, sold and assigned to the plaintiff before the commencement of the action, *bona fide* for a valuable consideration and without notice of any defenses thereto on the part of the defendants. The note was signed by both the defendants, C. M. Taul and G. L. Taul, was set out *in haec verba* in the complaint, and was in words and figures as follows : "Huntsville, Ala., March 28th, 1894. On the 15th day of October, 1894, we promise to pay to the order of B. W. Puckett and J. T. McCrory, the sum of one hundred and thirty dollars, value received, negotiable and payable at First National Bank, Birmingham, Ala., and all right to claim any exemption," &c.

Among other pleas interposed, G. L. Taul interposed the following : " 6. The defendants for answer to the complaint plead in short by consent, that she signed said note merely as surety for the said C. M. Taul, who was her husband at the time, and the same is void as to her."

The plaintiff demurred to the sixth plea upon the following grounds : "1. The complaint shows that the note on which the action is founded is a negotiable instrument and governed by the commercial law, and that the same was transferred to plaintiff before maturity for a valuable consideration *bona fide*, and that plaintiff had no notice of any defect therein, or defense thereto, and that the said C. M. Taul, husband of said G. L. Taul, executed the said note together with the said G. L. Taul. 2d. Said plea fails to allege that plaintiff had any notice at the time said note was transferred to him as alleged in the complaint that the same was given to secure the debt of C. M. Taul, husband of G. L. Taul. 3. Said

[Scott v. Taul.]

defendant, G. L. Taul, signed said note as a joint maker with her husband C. M. Taul, and it is not shown by said plea that plaintiff had any notice at the time the note was transferred to him, or before, that the same was given to secure the debt of C. M. Taul. 4. The said plea does not show that G. L. Taul was the wife of C. M. Taul, when the note was executed." This demurrer was overruled, and the plaintiff excepted.

On the trial of the cause, the plaintiff introduced evidence to prove the allegations of his complaint as to the transfer of the note to him by the payees before maturity. The defendant, C. M. Taul, testified that the note sued on was given for his debt, and that his wife, G. L. Taul, signed it as surety.

Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury the following written charge : "If the jury believe the evidence in this case, they must find for the plaintiff and against both defendants." The court refused to give this charge, and the plaintiff duly excepted. The plaintiff also excepted to the court's giving at the request of the defendant, G. L. Taul, the following written charge : "If the jury believe the evidence in this case they must find for the defendant, Mrs. G. L. Taul."

There were verdict and judgment in favor of the defendant, G. L. Taul, and in favor of the plaintiff against C. M. Taul. From this judgment the plaintiff appeals, and assigns as error the rulings of the court in overruling the plaintiff's demurrer to the sixth plea of the defendant, G. L. Taul, and in refusing to give the general charge requested by him, and in giving the general affirmative charge requested by the defendant, G. L. Taul.

SHELBY & PLEASANTS, for appellants.—It has been well said, that negotiable paper carries on its face its own history, so that nothing can be alleged against it while it continues in circulation undishonored, as against an innocent purchaser, other than what is there apparent. The policy of the law in reference to commercial paper, requires that it shall tell its own story, and have effect in the hands of innocent holders for value, according to what appeared on it. *Brown v. First Nat. Bank*, 103 Ala. 123. Mrs. Taul,

when she executed the note sued on, placed upon the market a commercial note. She could make as valid commercial note as if she was sole. Her husband joined in it. There was nothing on the face of the note to show that it was for the husband's debt. She can not now set up as a defense against plaintiff that the note was for her husband's debt.—*First Nat. Bank v. Nelson*, 106 Ala. 535; *Lockwood v. Tate*, 96 Ala. 353; *Summerhill v. Tapp*, 52 Ala. 227. Mrs. Taul is estopped from setting up that she signed the note as a surety for her husband; plaintiff being an innocent holder.—*Ward v. Berkshire Life Ins. Co.*, 9 N. E. Rep. 361.

TANCRED BETTS and LAWRENCE COOPER, *contra.*—1. It can not be doubted that the note of a married woman was at common law absolutely void, and so "declared" by that law. This being so, in the absence of a statute making it valid, a *bona fide* purchaser for value could not claim protection as against it. The statute, section 2349 of the Code of 1886, and the several preceding sections, while in a measure abrogating the common law rule as to the power of a married woman to contract, especially affirms the rule so far as her attempted contracts of suretyship for her husband are concerned. Such contract stands just where it stood before the statute was enacted—a void contract, so "declared" by the common law. As to a void contract there can be no estoppel.—2 Rand. Com. Paper, 517, 534, 557; 1 Dan. Nego. Insts., § 197; Byles on Bills, pp. 137-146; *Hanover Nat. Bank v. Johnson*, 90 Ala. 552; 14th Amer. & Eng. Encyc. of Law, pp. 623, 638, 639, 640.

2. The distinction between void and voidable contracts has always been maintained by this court. It is further argued that to hold that a married woman can bind herself indirectly as surety for her husband is violative of the letter and spirit of the statute and fails to recognize the essential principle of estoppel, which is: "The doctrine of estoppel can go no further than to preclude a party from denying that he has done that which he had the power to do."—*McIntosh v. Parker*, 82 Ala. 240; 2 Parsons on Contracts, (7th ed.), 800.

3. The doctrine of estoppel can not be invoked in order to remove the incapacity of a married woman,

[Scott v. Taul.]

where her contract relates to a matter concerning which all the common law disabilities continue, so that the contract is utterly void for want of power or capacity to make it.—*Cook v. Walling*, 2 Lawyers R. A. 769; *Cupp v. Campbell*, 103 Ind. 220; *Sellers v. Heinbaugh*, 117 Pa. 224.

HARALSON, J.—There can be no doubt but that a married woman may, with the assent or concurrence of her husband expressed in writing, execute a note payable in bank, or a bill of exchange, as well as any other contract into which she is authorized to enter by the statute.—Code of 1886, § 2346. She may contract with her husband, subject to the rules of law as to contracts by and between persons standing in confidential relations; but she can not directly or indirectly become the surety for the husband.—Code of 1886, § 2349. We have recently held that she may convey her land, on an adequate, fair consideration, directly to her husband, and if there was no consideration therefor, an adequate consideration being alleged in the conveyance, it would be good when conveyed by the husband to a *bona fide* purchaser for value.—*Osborne v. Cooper*, 113 Ala. 405.

The note in the complaint, having been made payable at a bank, was governed by the commercial law. The purchaser of such a paper, in the usual course of business, before its maturity, for a valuable consideration, having no notice of defenses that existed between the original parties, or have subsequently arisen, as we have frequently held, is a *bona fide* holder for value, and as such, takes the instrument freed from defenses which were available between the original parties.—*Brown v. First Nat. Bank of Tuscaloosa*, 103 Ala. 123.

The complaint avers that the note, before its maturity and the commencement of suit, was sold, assigned and indorsed to plaintiff, *bona fide*, for a valuable consideration, and without any defect in the same or any defense thereto. If this be true, the defense set up in the 6th plea was not good. When the wife signed this note as co-maker with her husband, there being nothing on its face to indicate that she signed it as a surety, and placed it in the hands of the payees, she armed them with the power to negotiate it to an innocent purchaser for value without notice of defenses, so as to cut off the defense

now set up by her,—that she was a mere surety on the note.—*Brown's Case*, 103 Ala. 123, *supra*; *First Nat. Bank v. Nelson*, 106 Ala. 535; *Osborne v. Cooper*, 113 Ala. 405, *supra*. The demurrer to the plea should have been sustained.

The fact that the plaintiff was a *bona fide* purchaser for value of the note sued on before its maturity, was established without any conflict in the evidence, and the court should have given the general charge for him, as requested. It is unnecessary to notice other rulings.

Reversed and remanded.