# Jackson v. Knox.

*Bill in Equity for Specific Performance of Parol Sale of Lands by Married Woman, and for Injunction.*

1. *Immaterial plea in equity.*—The rule, that, if issue is joined upon an immaterial plea without objection, and the plea is sustained by proof, the party pleading it, is entitled to the benefit of the plea, does no. apply in equity.

2. *Bill without equity dismissed ex mero motu.*—If there is no equity in a bill, it will be dismissed at the final hearing *ex mero motu.*

3. *Power of married woman to contract under act of 1887.*—Under the married woman's law of 1887, (Code, 1886, §2346), the wife had full capacity to make any contract in writing, with the assent and concurrence of the husband expressed in writing, that could be made by a man, or *feme sole;* she could execute a valid bond in writing to make title to her lands, with the assent of the husband expressed in writing, and upon the payment of the purchase money, a court of equity would enforce its specific performance and divest the legal title and invest it in the purchaser; without the husband's joinder in the alienation as required by section 2348, Code of 1886.

4. *Estoppel of married woman by acts in pais.*—A parol sale of the lands of a married woman by the husband and wife, the purchaser being put in possession and paying the whole of the purchase money, creates no estoppel against the wife under the married woman's law of 1887, and equity will not enforce

[Jackson v. Knox.]

the specific performance of the contract, nor enjoin an action of ejectment by the wife.

Tried before Hon. JOHN W. BISHOP.
APPEAL from Talladega City Court.
This case is stated in the opinion.

M. D. IVEY, for appellant.

KNOX, BOWIE & DIXON, *contra.*

COLEMAN, J.—The appellee filed the present bill to enforce specific performance of a verbal contract for the sale of land. The bill shows that Sarah Jackson and her husband, Jerry Jackson, jointly owned the land in controversy; that in the year 1892 they sold the same to the appellee, Richard Knox, for an agreed consideration, and put the purchaser in possession, and that he subsequently paid the entire purchase money according to the contract of purchase. Before the filing of this bill, the husband died, and the wife, appellant, instituted a suit in ejectment which is now pending to recover possession of the land from their vendee. Whereupon the purchaser filed his bill, in which the heirs of the deceased vendor and his widow, who was a joint owner, are made parties defendant. The bill prays for a specific performance of the contract; that the legal title be divested out of the respondents and invested in complainant, and that appellant, plaintiff in ejectment, be perpetually enjoined. The heirs of the husband, Jerry Jackson, made no defense, and decrees *pro confesso* were taken against them. The appellant answered the bill, denied its averments as to the sale of the land, and asserted that she was the sole owner. After evidence, the cause was submitted for final decree, and the chancery court granted full relief against all the parties as prayed for in the bill. The appeal is from this decree.

There is no question in our minds that complainant established by the evidence the case made by the bill. The rule does not apply in a court of equity, that if issue is joined upon an immaterial plea without objection, and the plea is sustained by proof, that the party pleading it is entitled to the benefit of the plea. If there

is no equity in a bill, it will be dismissed at the final hearing by the court *ex mero motu.*

If complainant's bill had been filed against the heirs of Jerry Jackson alone, upon the proof, relief could not have been justly refused. As to Sarah Jackson, the question presented is, whether a parol sale of land by a married woman owning and holding the legal title is capable of enforcement, even in cases where she puts the purchaser in possession, and receives from him a part of the purchase money, and subsequently, the remainder of it. The facts predicated relieve the case from the statute of frauds, and if there was no other inhibition on the power of the wife to contract, she would be bound by such an agreement. Section 2346 of the Code of 1886, the law in force at the time of the agreement to sell the land was entered into, reads as follows: "The wife has full legal capacity to contract in writing as if she were sole, with the assent or concurrence of the husband expressed in writing." This section has been construed to limit the contractual power of the wife in all cases to contracts made in writing, with the assent or concurrence of the husband expressed in writing.—*Strauss, Pritz & Co. v. Glass,* 108 Ala. 546. If the contract of the wife be in writing, with the assent of the husband expressed in writing, she has full capacity to make any contract or agreement that could be made by a man, or *femme sole.* There is no other limitation on her power to bind herself by contract. She could make a valid bond to make title upon the payment of the purchase money reserving in herself the legal title as security, by executing the bond in writing with the assent of the husband expressed in writing, and upon the payment of the purchase money, a court of equity would enforce its specific performance and divest the legal title and invest it in the purchaser, and that, too, without the concurrence of the husband, manifested by his joinder in the alienation as required by section 2348 of the Code of 1886, upon a bill filed by the purchaser for such relief. To hold otherwise would deny her that power to contract as a *femme sole* which is conferred by the statute, *supra.* This was one conclusion in the case of *Knox v. Childersburg Land Co.,* 86 Ala. 180. It being admitted that the agreement for the sale of the land was not in writing, and that the husband did not express his assent or con-

[Jackson v. Knox.]

currence in writing, the only remaining question is, whether the doctrine of estoppel arises against the wife. An act *in pais* could not operate a change in the terms of the contract for the sale of the land, otherwise an act *in pais* would remove the limitation placed upon her authority to make valid contracts. There is no pretense that the wife was guilty of fraudulent representation or deceit in effecting the sale of the land, nor does it appear that any act or statement of hers, since the death of the husband, has induced payment, or disadvantageous action on the part of complainant. At the time of his purchase of the land, the complainant was chargeable in law with the knowledge, that the contract was not binding on the wife, that she could not enter into a valid contract except in writing with the written assent or concurrence of the husband. The complainant was either negligent, or else mistaken as to the extent of the legal right which would be acquired by a parol contract of purchase of land from a married woman. This conclusion is in harmony with other decisions of this court. *Wilder v. Wilder,* 89 Ala. 414; *Blythe v. Dargin,* 68 Ala. 370; *Rooney v. Michael & Lyon,* 84 Ala. 585; *Vansant v. Weir,* 109 Ala. 104; *Osborne v. Cooper,* 113 Ala. 405. These decisions should be distinguished from those rendered before the statute of 1887, which abrogated the distinction between legal and equitable estates. Prior to the adoption of that statute, a married woman could bind her equitable separate estate by her contracts without the consent of her husband, or other limitation. As to contracts made which were binding upon her equitable separate estate, the doctrine of estoppel applied in a proper case, at least as to such equitable separate estate. Such was the case of *Jones v. Reese,* 65 Ala. 134.

In the case of *Osborne v. Cooper, supra,* the facts were that Mary A. Cooper sold and conveyed to her husband, A. P. Cooper, one hundred and twenty acres of land by deed of conveyance, but not in conformity to section 2348 of the Code of 1886, quoted *supra,* in that the husband did not join in the conveyance with his wife to himself. It was said in the opinion "that if the case rested on section 2348 of the Code the deed　＊　＊　＊　would be void, and she would not be estopped to allege its invalidity in equity." This deed was upheld on the ground that the sale to the husband being a contract authorized

[Jackson v. Knox.]

by section 2349 of the Code of 1886, the deed of conveyance was not under the influence of section 2348. A more careful examination of the question has led the writer to the conclusion that we were in error in so holding, and as the opinion is of recent rendition, it ought to be corrected at the earliest possible opportunity. It appears perfectly clear to the writer that section 2348 was not intended to lay down any rule or procedure for the conveyance of lands by the husband belonging to him, but as the title to the section indicates and as the body of the statute clearly shows, its purpose was to prescribe specific rules and limitations for the alienation of lands by the wife belonging to her. The statute makes no exception in cases of alienation of land by the wife to the husband, and although by section 2349 the husband and wife are authorized to contract with each other, there is nothing in this section to justify the conclusion that the statute prescribing the manner for the alienation of lands by the wife, was intended to be amended or changed. If any confirmation of this construction of the statute was necessary, it would be found in section 2351 of the Code of 1886, which reads as follows: "All property of the wife, whether acquired by descent or inheritance, or gift, devise, or bequest, or by contract or conveyance, or by gift from a contract with the husband, is the separate property of the wife within the meaning, and is subject to all the provisions of this article, saving and excepting only such property as may be conveyed to an active trustee for her benefit." Sections 2348, 2349, 2351, are all provisions of Article III; and in the further fact that all these different sections of the Code are but parts of a single act adopted at the same time, and codified with but little, if any material change from the original statute.—Acts, 1886-87, pp. 80, 81, 82, §§8, 9, 11. A reading of the original statute satisfactorily shows that the wife cannot alienate her lands to any person, except in the manner prescribed by section 2348. It is the opinion of the court, however, that the rule declared in the case of *Cooper, supra,* should be adhered to. It follows from what has been said, that the chancery court erred in granting relief as against Sarah Jackson. We will remand the cause that complainant may make such amendment, and ask for such orders as he may be advised. The case may be one of great hardships to com-

plainant, but the law as it was when the purchase was made will not admit of any other conclusion. The wife's capacity to contract has been further enlarged by the Code of 1896.

Reversed and remanded.