# Wilson *v.* Miller.

*Bill to enjoin Action of Ejectment, and to Remove Cloud from Title.*

1. *Equity jurisdiction; injunction; ejectment.*—Where the defendant in an action of ejectment claims that a deed, upon which the plaintiff relies, has been fraudulently altered, in that the date of the execution and record has been changed, and that the legal effect of the deed has been altered by fraudulent

interlineations, the court of law has jurisdiction to determine the matter, and a court of equity cannot enjoin the action. (HARALSON, J., *dissenting*.)

2. *Same; removing cloud from title.*—Equity has jurisdiction to entertain a bill,—filed by an alleged owner in possession, in which it is averred that a claimant of the premises claims under a deed, which has been fraudulently changed by altering the date, so as to make it appear to antedate a deed under which complainant claims the premises, and also by fraudulent interlineations,—for the purpose of cancelling the deed as a cloud upon the title, if no action is pending at law for the recovery of the premises. But, after such action has been begun, the defense being legal, in contradistinction to being equitable, a court of equity will not oust the jurisdiction of the law court. (HARALSON, J., *dissenting*.)

APPEAL from Chancery Court of Bibb.

Heard before Hon. THOMAS H. SMITH.

The bill in this cause was filed by the appellee, John W. Miller, against the appellant, Fayette Wilson and others, and sought to enjoin an action of ejectment, which had been begun against him by appellees, and also to cancel a certain deed as a cloud upon his title.

The averments of the bill were to the effect that the complainant bought the lands in 1883 from one Walter D. Wilson, who executed a deed to complainant and put him in possession, and that he was still in possession. That said Wilson was at the time, and had been for several years prior to the conveyance, in possession of the premises, claiming under a deed executed to him by one W. J. Wilson and Grace E. Wilson, his wife; that said W. J. and Grace E. Wilson conveyed the lands to said Walter D. Wilson by deed, in 1879; that the lands were conveyed to said W. J. Wilson by one James Hill, who was the father of the said Grace E. Wilson, by deed, dated July 30th, 1874, and duly recorded on that day; that the lands had been owned and possessed by the said Hill for many years prior thereto.

The bill further averred the bringing of an action of ejectment against the complainant by the defendants, who were the children of Grace E. Wilson, who was then dead; that they based their claim, to the lands described in the bill, upon an alleged deed said to have been execut-

ed by James Hill to said Grace E. Wilson, for life, with remainder to her children, which deed was prior to July, 1874, and bore an endorsement purporting to show that the same was filed for record on 5th day of April, 1874. Complainants alleged that said deed was in fact not executed until long after July, 1874, and that the date thereof and the certificate of registration were fraudulently altered, to make it appear that it was executed prior to the date of the deed under which complainant claimed. The bill also alleged that said deed to Grace E. Wilson was, as executed, a conveyance in fee to her, but was subsequently fraudulently altered so as to grant her a life estate only, with remainder to her children.

The bill prayed for an injunction of the action of ejectment, and that the said deed to Grace E. Wilson be cancelled, as a cloud upon the title of the complainant.

Writ of injunction being issued, the defendants appeared, demurred to the bill, moved to dismiss it for want of equity and moved to dissolve the injunction.

The motions and demurrer were overruled, and defendants appealed.

W. W. LAVENDER and J. M. McMASTER, for appellants, cited:—*Shaw v. Lindsley,* 60 Ala. 344; *Smith v. Spencer,* 73 Ala. 299; *Peebles v. Burns,* 77 Ala. 290; 107 Ala. page 480; 121 Ala. p. 210; 131 Ala. p. 284; 69 Ala. 486; *Teague v. Martin,* 87 Ala. 500; *Bolling v. Crook,* 104 Ala. 130; *Echols v. Hubbard,* 90 Ala. 309; *Normont v. Eureka Co.,* 98 Ala. 181; 54 Ala. 486; 77 Ala. 292.

LOGAN & VAN DE GRAFF, *contra.*

HARALSON, J.—It is familiar "That a court of equity will not take jurisdiction when there is a clear, complete and adequate remedy at law. The mere intervention of fraud, no discovery or any special equitable relief being sought, will not authorize a court of chancery to grant relief, or entertain concurrent jurisdiction with the court of law, in cases cognizable at law."—*Youngblood v. Youngblood,* 54 Ala. 486; *Peeples v. Burns,* 77 Ala. 292.

It is also true that "A court of equity is reluctant to interpose by injunction against an ejectment at law, founded on a legal title the plaintiff is fairly proceeding to establish. An equitable case, a case of purely equitable cognizance, must be made to appear, before the court will interpose to restrain the proceedings in the action."—Kerr on Injunctions, 26; *Lehman v. Shook,* 69 Ala. 492.

One of the well recognized grounds of equity jurisdiction is to remove clouds from titles, when the deed or other instrument or proceeding constituting the cloud may be used to injuriously or vexatiously embarrass or affect a plaintiff's title. "A court of equity will not interpose to prevent or remove a cloud which can only be shown to be *prima facie* a good title, by leaving the plaintiff's title entirely out of view. It is always assumed, when the court interferes, that the title of the party complaining is affected by a hostile title, *apparently* good, but really defective and inequitable by something not appearing on its face. * * * Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof should be necessary, the cloud would exist. If the proof would be unnecessary, no shade would be cast by the presence of the deed."—*Torrent Fire Engine Co. v. City of Mobile,* 101 Ala. 563.

Such a bill will not be entertained when the complainant is not in possession, unless he shows some special equity,—some obstacle, or impediment, which would prevent or embarrass the assertion of his rights at law.— *Plant v. Barclay,,* 56 Ala. 561. Such bills can only be maintained, as has been held, in the absence of some special ground of equity jurisdiction, by parties who are in possession. They alone need such remedial assistance, for they cannot institute a suit at law to test the rival title. *Smith v. Cockrell,* 66 Ala. 83.

This, however, as was said by BRICKELL, C. J., in *Lehman v. Shook,* 6 Ala. 493, is "Only one of the reasons for which the court intervenes. There are other and broader reasons—the prevention of litigation, the protection of the true title and the possession, and because it is the

real interest of both parties, and promotive of right and justice, that the precise state of the title be known, if all are acting *bona fide;* and if not, that a merely colorable and pretended claim is a fraud upon the real owner, and as such should be extinguished.—1 Story's Eq. § 711a."

Indeed, the case referred to seems to be an adjudication of the one in hand. There, the complainants were in possession of the land, and an ejectment suit had been brought by the defendant and was pending against them. The complainants, who were judgment creditors of W. T. Shook, under a bill filed for the purpose, were, by the decree of the court, let in to redeem the lands in question, sold under the power in the mortgage by said W. T. Shook, and were put in possession of the lands by the decree on the 30th of January, 1878. On the 10th of June, 1873, said W. T. Shook had executed to the defendants, Laura E. Shook and Hester E. Hodges, the deed the bill was filed to cancel. This deed recited the consideration to be $3000.00 and was filed for record on the 1st of December, 1873. The bill charged that the recital in the deed as to the consideration was false; that the deed was voluntary and made to the defendants by the grantor, who was then insolvent, with intent to hinder, delay and defraud his creditors. On the 14th of February, 1879, the defendants in that suit commenced said action of ejectment to recover from complainants the land mentioned in the deed, when, on the 25th of April, 1879, the complainants filed the bill to cancel said deed as a cloud on their title and to enjoin said ejectment suit. The bill was held to have been well filed, and the decree was reversed and cause remanded, with instructions to the chancery court, to render a decree enjoining the action of ejectment and declaring the conveyance of the premises executed by Shook to his daughters, bearing date of the 10th of June, 1873, of record in the probate court of the county, void and inoperative as against the title of the appellants, who were judgment creditors

of said W. T. Shook. BRICKELL, C. J., in his opinion among other things said; "Whenever a deed or other instrument exists, not void upon its face, which may be vexatiously or injuriously used against a party having the rightful possession of real estate, throwing a cloud or suspicion over his title or interest, and he has not at law a plain and adequate remedy for relief against it, the constant practice of a court of equity is to intervene, and remove the cloud or suspicion— when the suspicion is reasonable—by directing that the instrument be delivered up and cancelled or by making the decree in reference to it, which, under the peculiar circumstances of the case, justice and the rights of the parties may require.— 1 Story's Eq. § § 697, 711." See, also, 3 Pom. Eq. Juris. § 1399; 16 A. & E. E. Law, (2nd ed.) p. 368.

It was also held, for reasons stated in the opinion, that the pendency of the action of ejectment ought not to arrest the jurisdiction of the court.

SOMERVILLE, J., in his opinion, following that of the Chief Justice, concurred in the conclusion reached by him, stating: "The bill is filed by the complainant, who claims to hold the legal title to certain lands, and its purpose is to cancel a deed held by two of the defendants on the same lands, on the ground that the instrument was *void for fraud* and was *a cloud on the title* of complainants. If there were no averment of fraud, it may be seriously questioned whether such a bill would lie, or ought to be maintained. But when an instrument purports on the face of it to be a valid conveyance, so as to constitute a cloud on the title of the property conveyed, and has been fraudulently executed, as seems to be the case here, I am of opinion that equity will and should take jurisdiction, on the ground that the remedy by ejectment at law is not full and adequate. A court of law is incompetent to sweep away the deed which clouds complainant's title, so long as it remains in the hands of the defendants uncancelled, and especially where it has been recorded under the registration laws. The sale of real estate may be interminably embarrassed so long as the property is clouded by such an incumbrance."

What is said on this subject by the Supreme Court of New York, is so apposite in this connection, and consonant with the views of our Court, we venture to quote what they say: "There cannot be any doubt as to the jurisdiction of courts of equity over actions to cancel and set aside instruments on the ground of fraud in their procurement. Such actions are in the nature of preventative remedies. The existence of the instrument may be a well-founded source of anticipated danger by the party whom they do or whom they are designed to affect. The reason for the maintenance of the action for their avoidance is to be found in the reasonable apprehension that the evidence of the fraud may not be always attainable; or that the defense of fraud may not always be available at law. If the fraudulent instrument affects the title to the land, equity entertains the action for its cancellation, in order to remove the cloud thrown upon the plaintiff's title. (Story's Eq. Juris. 694, 695, 700; *Hamilton v. Cummings*, 1 Johns, Ch. 520, 524; *Pettit v. Shepherd*, 5 Paige, 493.)   *   *   *   *   *   It is but a natural consequence of this equitable jurisdiction to decree the cancellation of a fraudulent instrument, that the court should inhibit the defendant from continuing any legal proceedings, through which he is attempting to assert a right based on the existence of that instrument. The power to control and restrain the proceedings in pending actions, in such a case, is a necessary part of the remedy, which a court of equity is supposed to be capable of completely administering. (Eden on Inj. chap. 2, p. 4)."

If what is said in *Normant v. Eureka Co.*, 98 Ala. 191, is in conflict with what we here decide, that case, to that extent, is overruled.

This case was submitted on motion to dismiss for want of equity, on demurrer to the bill, and on motion to dissolve the injunction

The court overruled the demurrer and the motion to dismiss and dissolve.

Affirmed.

Tyson, J., dissenting.

## ON APPLICATION FOR REHEARING.

TYSON, J.   On a re-examination of the question presented by this record, we have reached the conclusion that the bill is without equity.

On the facts averred, every matter invoked by complainant as a ground for equitable interference by injunction is available to him as a defense to the action of ejectment.   It is true that in that action the court, in which it is pending, is impotent to cancel the deed, upon which the plaintiff relies for a recovery, as a cloud upon complainant's title.   But that court has jurisdiction, and is in the legitimate exercise of it, to determine the validity of that deed and to adjudge the matter of controversy respecting the title to the land.   And on the question of title the plaintiffs in that action, who are respondents to the bill, are entitled to a trial by jury and cannot be deprived of it where the defendant's defenses are cognizable in a court of law, as here, by preventing the exercise of the jurisdiction first obtained and transferring the adjudication of that question to the chancery court, as is attempted to be done.   Should the complainant successfully defend the action of ejectment, he may then invoke the powers of the chancery court to cancel the deed as a cloud upon his title, or if no action had been instituted against him to test his title, he would be entitled to maintain such a bill.   But after the action has been begun, his defenses being legal in contradistinction to being equitable, he will not be permitted to oust the jurisdiction of the law court or to prevent its exercise.

The case of *Lehman v. Shook*, 69 Ala. 492, is not an authority against this view.   It is true that in that case Chief Justice BRICKELL expressed the opinion broadly, without regard to the question of jurisdiction on the ground of fraud, that a bill, such as this, was maintainable, but neither of the judges agreed with him.   It is also true that in that case the equity of the bill was sustained. But Justice SOMERVILLE, adhering to the views expressed by him in his dissenting opinion in *Smith v. Cockrell*, (66 Ala. 64), concurred in the conclusion, solely on the ground that the court had jurisdiction on account of the

fraud alleged. Justice STONE, in an able dissenting opinion, held that the bill was wanting in equity.

We think he was right and refer to what he there said as satosfactorily expressing our views, and we adopt his opinion as a correct exposition of the law. See also *Normant v. Eureka Company*, 98 Ala. 181; *Womacks v. Powers*, 50 Ala. 5; 3 Brick. Dig., § 223 p. 346; *Holt v. Pickett*, 111 Ala. 362.

The decree must be reversed and the bill dismissed.

Reversed and rendered.

McCLELLAN, C. J., DOWDELL, SIMPSON, ANDERSON and DENSON, J.J., concurring.

HARALSON, J., adheres to his opinion.