# Dailey v. Koepple.

### Bill to Enjoin Ejectment Suit.

(Decided June 30, 1909.   Rehearing denied Dec. 16, 1909.
51 South. 348.)

1. *Injunction; Cancellation of Instrument; Remedy at Law.*—A bill to enjoin an ejectment suit and to have a deed through which the land is claimed declared void as a forgery and to have it removed as a cloud on title, is without equity, since such matter may be set up as a defense to the suit in ejectment.

2. *Equity; Submission; Waiver.*—Where the note of submission upon which the cause was finally submitted showed a submission by the respondent on motion to dismiss the bill, on demurrer to the bill and upon depositions of certain witnesses, it became the duty of the chancellor to notice in his decree said motions and demurrers and they were not waived because no mention was made of them in the final decree.

3. *Same; Dismissal.*—A bill which is wholly without equity may be dismissed by the chancellor upon his own motion.

4. *Same; Decree; Effect.*—Where the final decree grants full relief, such decree sustains the equity of the bill and overrules the motion to dismiss, and hence, whatever the presumption as to waiver of demurrers not noticed in the decree, such presumption cannot be applied to the motion to dismiss for want of equity.

5. *Appeal and Error; Record; Review.*—Where the record does not disclose what the insistence of counsel before the chancellor was, this court cannot on appeal look to the opinion of the chancellor for enlightenment.

(Mayfield, J., dissenting.)

APPEAL from Tuscaloosa County Court.

Heard before Hon. ORMOND SOMERVILLE, Special Judge.

Bill by William A. Koepple against John R. Dailey to enjoin an ejectment suit and for other relief. Decree for complainant and respondent appeals. Reversed and remanded.

DANIEL COLLIER and R. H. SCRIVENER, for appellant. —The record shows that a motion to dismiss was made and insisted upon, and that the bill is without equity,

hence, it will be dismissed on final hearing, even if not raised before.—*Jackson v. King,* 119 Ala. 320. Such a bill may be dismissed ex mero moto.—119 Ala. 321; *Bryant v. Peters,* 3 Ala. 167. Under rule 75, Ch. Pr. the motion to dismiss and the demurrer to the bill both being noted, it is shown affirmatively that they were insisted upon and not waived. Being so noted, it was the duty of the judge to pass upon them.—*Goodlow v. Dean,* 81 Ala. 479. Counsel discuss the deed and cite authority in support of their contention, but it is not deemed necessary to here set them out. The bill is without equity.—*Andrews v. Frierson,* 134 Ala. 626; 1 Pom. sec. 220-1; 4 Pom. secs. 1363. Counsel also discusses the motion to dismiss the appeal.

OLIVER, VERNER & RICE, for appellee.—Counsel insist that the decree should be dismissed and cite in support thereof.—Sec. 2868, Code 1907; 49 Ala. 276; 50 Ala. 479; 40 Ala. 92. The jurisdiction of the chancery court of the subject-matter of the case in hand is fully supported by the following authorities.—*Wilson v. Miller,* 143 Ala. 271; *Penny v. B. & A. M. Co.,* 132 Ala. 366; *Tubbs v. Fort,* 58 Ala. 277; *Lockhart v. Lockhart,* 16 Ala. 423. When a demurrer is interposed to a bill of complaint and there is no judgment on the demurrer, the presumption on appeal is that the demurrer was waived.—*Harper v. Campbell,* 102 Ala. 345; *Daughdrill v. Helms,* 53 Ala. 62; *Corbett v. Carroll,* 50 Ala. 315.

DENSON, J.—The purpose of this bill is to enjoin the prosecution of a statutory action of ejectment brought by the respondent against a tenant of the complainant in possession of the lands sued for at the commencement of the action, and to have a deed, through which it is alleged that the respondent immedi-

ately claims title to the lands, declared void as being a forgery, and to have the deed removed as a cloud on the complainant's title. The respondent filed a motion to dismiss the bill, and also demurred to it on the ground that it showed on its face that the complainant had a complete and adequate remedy at law. Without first having the motion and demurrer passed upon by the chancellor, he filed his answer, in which, after reserving the right to have the motion and demurrer passed upon, he denied all of the material allegations of the bill, and alleged the deed attacked by the bill to be genuine and free from forgery. As finally settled in the case of *Wilson v. Miller,* a case in all its material aspects identical with the one in judgment, this bill is wholly without equity, and the motion to dismiss and the demurrer were well filed.—*Wilson v. Miller,* 143 Ala. 264, 39 South. 178, 111 Am. St. Rep. 42; *Hudson v. Jackson,* 144 Ala. 411, 39 South. 227.

But it is insisted by the appellee (complainant) that the demurrer and motion were waived, because they were never set down for hearing, and the chancellor in his final decree makes no mention of them. It is not deemed necessary to recite all of the facts which preceded the rendition of the final decree, or any which occurred afterwards. It suffices to say that, in the note of submission upon which the cause was finally determined, the respondent, as is there shown, submitted his cause on the motion to dismiss the bill, on the demurrer to the bill, and on the depositions of certain witnesses named. In this way the attention of the chancellor was directed to the motion and the demurrer, and it became his duty to take notice of them in the decre. The final decree was rendered on the 28th day of February, 1908, granting the relief prayed in the bill, but not making any mention of the disposition of

the motion or demurrer eo nomine. According to the law of the case (*Wilson v. Miller, supra*), the bill cannot be amended so as to impart equity to it. Indeed, the objection made by the motion is, not that the facts are illy pleaded, but that within themselves, however clearly or fully they might be stated, they cannot be made the basis for equitable relief. Such being the state of the case, the chancellor might well have dismissed the bill ex mero motu.—*Jackson v. Knox*, 119 Ala. 320, 24 South. 724; *Gardner v. Knight*, 124 Ala. 273, 279, 27 South. 298.

It is also said, in the same argument of appellee's counsel, that appellant is estopped from insisting that the motion should have been sustained for the reason that he invited the court to pass on the merits of the case without regard to the motion. We know not from the record what the argument of counsel was before the chancellor, nor can we look to the opinion of the chancellor for enlightenment on that subject. But full relief was granted by the final decree to the complainant, and, whatever may be the rule of presumption of waiver of demurrer arising from the fact that a decree fails to pass upon it, we think it cannot and should not be applied to the motion in this cause, for the reason that in granting the relief prayed by the bill the equity of the bill is sustained and the motion is of necessity held for naught—overruled.

We have found no case in conflict with this view. None of those cited by appellee are in point on the question, for in all of them, even in respect to demurrers, the facts show that the attention of the chancellor was not called to the demurrer in the note of submission. However, it is not necessary to make the conclusion here reached applicable to demurrers at present.

[Dailey v. Koepple.]

The court is of the opinion the chancellor committed reversible error in granting the relief to the complainant, and holds that he should have dismissed the bill. The decree of the chancellor will be reversed; and a decree will here be rendered dismissing the bill, as it cannot be amended so as to give it equity.

The motion to dismiss the appeal is ruled against the appellee by the case of *Poull & Co. v. Foy-Hays Construction Co.,* 159 Ala. 453, 48 South. 785.

Reversed and remanded.

Dowdell, C. J., and Simpson, Anderson, Sayre, Evans, and McClellan, JJ., concur.

MAYFIELD, J. (dissenting).—While I concurred in the majority opinion on the first hearing, I am, on the rehearing, now persuaded that our opinion is wrong; that the application for a rehearing should be granted; the the judgment of reversal should be set aside, and a judgment rendered affirming the decree of the chancellor.

It is true that the opinion in this case followed, and was based solely on, the opinion in the case of *Wilson v. Miller,* 143 Ala. 264, 39 South. 178, 111 Am. St. Rep. 42, which decision, after a careful examination, I find to be in conflict with many prior decisions of this court, and especially in the case of *Lehman v. Shook,* 69 Ala. 492. True, the opinion in the *Wilson-Miller Case* attempts to harmonize the three opinions, one of Brickell, C. J., one of Somerville, J., and one of Stone, J., by showing that Somerville, J., did not concur with Brickell, C. J. and that therefore, *Lehman v. Shook* was not the decision of a majority of the court, and consequently prefers to follow the dissenting opinion of Stone, J., who dissented from the conclusions of

both Brickell, C. J., and Somerville, J., in the case of *Lehman v. Shook.* It is true, and cannot be denied, that the dissenting opinion of Stone, J., in that case, like most all of his opinions, is very strong and persuasive. No one has a greater admiration for or appreciation of Judge Stone's opinions than the writer. I believe that he wrote the most forceful and convincing opinions of all judges after whom I have read. His greatness in this regard is nowhere better evinced than in his dissenting opinion in the case of *Lehman v. Shook, supra,* and in the old but famous case of *Miller v. Marx,* 55 Ala. 322, wherein he demonstrated that the constitutional provision that the homestead "not exceeding eighty acres" shall be exempt, etc., was a limitation downwards, and not upwards—in short, that the phrase as there used meant "not less than eighty acres." But notwithstanding his greatness in this respect he was human, and it is human to err; and in this case he erred. But no one will believe it from reading his opinion, for in it he comes very near demonstrating that he is correct. It is possible that he was correct in that dissenting opinion, and it is likewise possible that the decision in *Wilson v. Miller* is correct, but I do not think it is probable. So far as I am able to understand the authorities on the subject, including textwriters and adjudged cases, there are few, if any, that support the conclusions reached in the case of *Wilson v. Miller,* besides the dissenting opinion of Judge Stone in the case of *Lehman v. Shook.* So far as I can understand, the text-books and the decisions of the courts, they all announce principles and rules of law, and of equity jurisdiction, pleadings, and practice, which, if true (and all the authorities support them, even the dissenting opinion of Judge Stone in *Lehman v. Shook* and the opinion in *Wilson v. Mil-*

[Dailey v. Koepple.]

*ler*), condemn the conclusion reached in the *Wilson-Miller Case* and that in the case at bar.

I will here attempt to collect and restate some of these principles and rules of law and equity which all the authorities support, and attempt to show that, if they are true, the conclusion of the majority in this case must be wrong, and that *Wilson v. Miller* should be overruled, and that Chief Justice Brickell's opinion in *Lehman v. Shook* should be followed.

(1) Equity has original, independent, and exclusive jurisdiction to remove a cloud from title to lands, and therefore does not require any accompaniment of fraud, accident, mistake, or the like, to intervene for this purpose.

(2) "A cloud upon title," is a title or encumbrance apparently valid, but in fact and truth invalid. The true test is, if the person claiming under the alleged cloud should bring an action against the true owner, would the owner be required to offer evidence to defeat the action? If such proof would be necessary, the cloud would exist. If not, there would be no cloud, and equity would not attempt the impossible of removing that which did not exist.—*Phelps v. Harris,* 101 U. S. 370, 25 L. Ed. 855; *Bissell v. Kellogg,* 60 Barb. (N. Y.) 617; *Parker v. Boutwell.* 119 Ala. 297, 24 South. 860; *Smith v. Gilmer,* 93 Ala. 224, 9 South. 588; *Echols v. Hubbard,* 90 Ala. 309, 7 South. 817; *Lyttle v. Sandefur,* 93 Ala. 396, 9 South. 260. Possession by one claiming to own the legal title is necessary to support a bill to remove a cloud, but it is not necessary when the complainant claims only to own a perfect equity to the land. A part of the relief in such case may be to enable him to acquire both the possession and the legal title, but if he have the legal title, and is out of possession, he can and should obtain the possession

before seeking relief in equity to remove the cloud.—
*Normant v. Eureka Co.*, 98 Ala. 182, 12 South. 454, 39
Am. St. Rep. 45; *Freeman v. Brown*, 96 Ala. 301, 11
South. 249.   There is a general rule of equity jurisdic-
tion, which, of course, applies to bills to remove cloud
from title, to the effect that equity will not assume or
has no jurisdiction, if the complainant has a complete
and adequate remedy at law.   Bills to quiet title, to
remove cloud from title, are sometimes bills of peace
and sometimes bill quia timet, and the distinction be-
tween these two methods of relief is not always ob-
served.—*Sheppard v. Nixon*, 43 N. J. Eq. 627, 13 Atl.
617.   Bills of peace must be preceded by the establish-
ment of the right or title at law, unless the parties are
very numerous; while a bill to remove a cloud from ti-
tle, in the nature of a bill quia timet, seeks to put an
end to present or future litigation by removing the ex-
isting cause of the controversy.

Under this rule, which is universal, if the validity or
priority of two legal titles can be determined in a court
of law, this is the proper place to determine it, and if
the bill merely claims that the one is the true legal
title or is prior, and that the other is a mere cloud, and
not the true or prior or paramount title, and there is
an action pending at law to test this question, and that
is all the bill to remove the cloud seeks to have done,
then, of course, the bill would have no equity, because
there would be a complete and adequate remedy at law.
But if the bill seeks a delivery up of fraudulent docu-
ments, and the cancellation thereof, and to have the re-
cording or registration records corrected in respect to
the forged or fraudulently altered instruments which
have thus been wrongfully recorded, and which consti-
tute a cloud and stigma upon complainant's title, a
court of law cannot afford this relief, and hence the rem-

[Dailey v. Koepple.]

edy at law cannot be complete and adequate, no matter
if there be an action of ejectment pending in a court of
law, and no matter how many such trials have already
been had or how many may be had.  Equity alone can
afford the needed relief.  His remedy in such case is
exclusively equitable, and his title may be equitable be-
cause of the fraud, or, at least, of such apparent fraud.
He might lose his action at law, for the very reason that
he had not a court of chancery to cancel such forgeries
and remove such clouds.  The law court and the jury
might decide the question of forgery, alteration, or
fraud against him because he had not had these clouds
removed, and the records purged of the frauds against
his legal title.  The mere fact that the question of
forgery, alteration, or fraud alleged in the bill may be
tried in the action of law cannot prevent the court of
equity from doing so.  It can also determine these
questions, and it alone can award the needed relief if
the averments are sustained by the proof.  It does not
necessarily follow that these questons will be deter-
mined in the action of ejectment.  There is no such thing
as special pleadings in ejectment.  These issues cannot
be specially and certainly raised by the pleadings in a
law court.  The case might go off in favor of either
party, in a number of ways, without these questions
(which would authorize the needed relief in equity)
being determined.  The judgment in ejectment will not
necessarily be res judicata as to these questions nec-
essary to authorize the relief in chancery.  This being
true, it seems clearly to follow that the remedy at law
is obviously not complete or adequate, which is the on-
ly theory upon which the bill is dismissed for want of
equity in the case at bar, or in the case of *Wilson v.
Miller.*  This is the very reason why the bill was not
dismissed for want of equity in the case of *Lehman v.
Shook.*

[Dailey v. Koepple.]

The error which I think inheres in the majority opinion in both this case and the *Wilson v. Miller Case* is that, though there was a remedy at law shown by the pending action of ejectment in each case, it was not complete or adequate, and would not necessarily have determined the question of forgery, alteration, or other fraud alleged in the bill, and shown by the proof as found by the chancellor and upon which he granted the relief prayed—a relief which confessedly all the authorities (including those two cases) hold that a court of law could not have granted. The reason assigned by the court for denying the relief which was sought and awarded in both these cases (which are very similar), and for dismissing the bill for want of equity, was that the bill showed on its face that complainants had a complete and adequate remedy at law. If the remedy at law was complete and adequate, of course, the conclusion is sound and the judgment rendered is correct; but, if the remedy at law was not complete and adequate, then the conclusion is unsound, and the judgment is wrong. I do not see how the bills in these two cases can be read, and then it be said that the remedy at law in the pending action of ejectment would be complete and adequate. If the court had merely denied the injunctive relief sought by the bill there would be more of reason in it, but to deny all relief, including the right to have the alleged forged and altered instruments surrendered and canceled, and the records of deeds purged of the fraud, and the cloud thus removed from complainant's title, which was proven in each case to be true, and was so regarded by the chancellor, I think is wrong; and in my opinion the decrees of the chancellor should be affirmed.

To briefly state my conclusions: I believe all the authorities, including Justice Stone's dissenting opinion

in *Lehman v. Shook,* the majority opinion in the case of *Wilson v. Miller,* and the majority opinion in this case, support the views I have attempted to announce above. If they do, and these propositions and rules be true, then the bills in the cases of *Wilson v. Miller* and the one at bar contained equity. I contend that the error in Justice Stone's opinion, and in the majority opinion following it, was in the conclusion reached that the bills were without equity because complete and adequate remedy at law was shown. A remedy at law was certainly shown, but not a complete or adequate one. In the instant case the equity of the bill alone does not appear to have been separately tested; but the case was submitted on demurrer, on motion to dismiss, and on answer and proof. While the decree granting the relief prayed in the bill, of course, determines the equity of the bill, yet it does not appear to have been separately passed upon. Now, if the conclusion of the court in this case is correct, then a respondent out of possession, when sued by a complainant in possession, may always defeat the complainant's right to have a cloud removed from title by bringing his action in ejectment after bill filed and before answer, and then set up the pendency of action of ejectment to test the title. Under these decisions of which I complain, there is no doubt that it would be a perfect defense to the bill in all cases. When the bill was dismissed, he could this dismiss his suit, and, when complainant filed another bill, he could bring another action of ejectment, and thus go on ad infinitum.

Another cogent reason to show that the conclusion is wrong is that in many cases it will result in denying the complainant and the true owner relief in courts of either law or equity. He may lose in both, though he have a good case, by being compelled to proceed in this

[Dailey v. Koepple.]

inverse order.   Suppose he be remitted to a court of law to test the question of forgery, alteration, or other acts of fraud as to the deeds or records as to the muniments of title, and the question is there raised, if it can be so raised, will not the lower court or the jury say to him, if not ipsissima verba, in effect, "Why did you not have these instruments which you claim to be a forgery delivered up and canceled, or the records purged of this fraud?   Then you would probably not have been sued.   These documents are lost and the record shows no evidence of fraud, so we will decide it against you, because you ought to have sought your relief in a court of equity, which, if your story is true, would have canceled them as a fraud upon your title.   You have slept on your rights, and are speculating with this court to try to get the verdict of a jury to help you out in your suit in equity, where you must ultimately go whatever may be the result in this court."   Then when he goes to a court of equity—the only court that can give the needed relief—he will be met by the answer: "You attempted to have these questions passed on by a jury, and they decided them against you, so we can give you no relief.   You should have come here first, when we could probably have granted you the relief, but it is now too late."